LEWIS SNYDACKER *et al.*, Appellants, *v.* CHARLES' J. MAGILL *et al.*, Appellees.

### APPEAL FROM COOK.

A. was indebted to B., and B. was indebted to C. A., by agreement with B. and C., conveyed an engine to C., with the understanding that if B. would find a purchaser he, B., should have any surplus which might remain, after his indebtedness to C. should have been paid.

B. cannot sustain an action against C. for the surplus, till after C. has been paid.

It is C.'s duty to use reasonable diligence in collecting the money, and an action lies for neglect of that duty.

THIS was an action of assumpsit, commenced by appellees, in the Cook Circuit Court, against appellants, to recover an amount due them on a contract for the sale of an engine and boiler.

It appeared on the trial, MANNIERE, Judge, presiding, that in October, 1857, one George A. Shufeldt, Jr., owed the plaintiffs, Magill & Pickering, about $1,800, and that the plaintiffs owed the defendants about $2,100, secured by two notes for the amount.

Shufeldt owned an engine and boiler, which he agreed to convey to the plaintiffs, and which the defendants agreed to take from the plaintiffs, with the understanding that if the plaintiffs would sell the engine and boiler before spring, the surplus money, after paying the debt due from the plaintiffs to defendants, and after paying thirty dollars for the storage of the engine, should go to the plaintiffs. In pursuance of this agreement, Shufeldt conveyed the property to the defendants.

The plaintiffs found a purchaser, who offered to pay $2,400, in cash, for the engine, or $2,700, on time, and the sale was made for the latter amount, and $1,000 paid towards the purchase. The remaining sum of $1,700 was due, but unpaid, at the time when this suit was commenced.

The court, at the request of the plaintiffs, gave the jury the instructions following, viz. :

1. If the jury find, from the evidence, that the engine, etc., in question, were conveyed by Shufeldt, at the instance of plaintiffs, upon the consideration in part, that on the resale of the same before the spring of 1858, through the instrumentality and procurement of the plaintiffs, that they, the said defendants, would pay to the plaintiffs on such resale, out of the sum for for which the same should be resold, the amount remaining, after deducting therefrom the amount of the indebtedness of the plaintiffs to the defendants, with interest, together with the reasonable sum which should be due at the time of such resale for storage ; and if the jury further find, that the said engine,

etc., were sold for an amount exceeding the amount due to plaintiffs, including storage, and the amount of interest agreed upon, through the instrumentality and procurement of the plaintiffs, then the plaintiffs are entitled to recover such surplus.

2. If the jury shall find that an agreement was made, as alleged in the declaration, then the same was not void, because it was not reduced to writing, and it is, therefore, competent to prove such an agreement by parol evidence.

3. If the jury shall find, from the evidence, the agreement, as alleged in the declaration, and that the defendants were to pay the excess upon the resale, then it is immaterial whether or not the defendants have received .the sum for which the engine, etc., were sold.

The defendants then requested the court to give the following instructions :

1. If the jury believe, from the evidence, that the witness, Shufeldt, sold the engine, etc., to the defendants, and that there was no agreement concluded between the plaintiffs and defendants, relative to the resale of the same, for more than the defendants gave, by which the surplus was to be given to the plaintiffs, then the law is for the defendants.

2. If the jury believe, from the evidence, that the defendant, Snydacker, promised to give the plaintiffs all the engine, etc., sold for, more than defendants gave witness, Shufeldt, for the same, on condition that plaintiffs would pay Snydacker twenty-four per cent., as a consideration for such agreement, and that said plaintiffs refused to accept said condition, then the law is for the defendants.

3. If the jury find that the engine, etc., were not sold through the instrumentality and procurement of the plaintiffs, then the jury will find for the defendants.

4. If the jury find that witness, Shufeldt, was acting as agent of plaintiffs, in the sale of said engine to defendants, and that the sole consideration of such sale was the amount of the defendants' claim against the plaintiffs, and no more, and that there was no new or independent agreement made between the parties, in reference to a resale, then the jury will find for the defendants.

5. That the contracts set up in the plaintiffs' declaration, must be fully proven, as therein stated, without material variance between that alleged and the one in evidence, and if the jury believe, from the evidence, that there is a material difference between the agreement alleged and the one in proof, then the jury should find for defendants.

6. That, although the jury may believe, from the evidence, that the defendants promised to give the plaintiffs all the money

for which they sold the engine, etc., above the amount due to the said defendants, at the time of making the bill of sale of the engine, boiler, etc., by the witness, Shufeldt, to the said defendants, they will find a verdict for the defendants, unless they further believe, from the evidence, that the plaintiffs paid a valuable consideration to the said defendants, as an inducement to such promises, or shall find that, by the terms of the agreement, the plaintiffs were to effect a resale through their own instrumentality and procurement; and that such a resale was so effected through the instrumentality and procurement of the plaintiffs.

7. If the jury shall find, from the evidence, that an agreement was made, as alleged in the declaration, and that the engine, etc., was resold through the instrumentality of the plaintiffs; and if they further find that defendants were only to pay the surplus, over and above the debts, to them, with interest and storage thereon at the rate of two per cent. per month to the time of sale, upon the amount of such indebtedness, then such stipulation is binding upon the plaintiffs, and is not to be regarded as usurious.

8. If the jury believe, from the evidence, that there was an agreement between the said plaintiffs and defendants, by which the defendants were to pay to the plaintiffs whatever they sold the engine, etc., for, more than they paid for the same, but that such surplus was not to be paid until the purchase money was received by the defendants; and that said defendants have not received the consideration they sold the engine, etc., for, and have not received sufficient to reimburse themselves for the original price paid for the same, then the law is for the defendants.

9. That on declaring upon a special contract, it is necessary to specify the consideration upon which the promise is based, with precision—and, in this case, if the consideration is not described as proved, then the defendant is not entitled to recover.

Which the court gave, and so marked them.

The court was also requested, by the defendants, to give the following:

10. If the jury believe, from the evidence, that there was an agreement concluded, between the said plaintiffs and said defendants, by which the said defendants were to pay plaintiffs whatever sum they should sell the same for more than they gave, and that there was no consideration paid to said defendants, or said agreement by the plaintiffs, then the agreement is void, and the law is for the defendants.

Which the court refused.

And also the following:

11. If the jury believe, from the evidence, that the witness, Shufeldt, sold to defendants, the engine, two boilers, etc., for the notes of plaintiffs, and that there was no other agreement concluded between plaintiffs and defendants relative to the resale of the same for more than defendants gave, by which the overplus was to be given to plaintiffs, then the law is for the defendants.

In lieu of which, the court gave the following:

12. If the jury find, that an agreement was made to pay the surplus to the plaintiffs, on a resale of the engine, as alleged in the declaration; yet, if the jury further find, that such surplus was not to be paid to the plaintiffs until the defendants had reimbursed themselves their debt, and that the defendants have not as yet reimbursed themselves, then the law is for the defendants.

To the giving of which, and refusal of the other, defendants excepted.

The defendants then requested the following:

13. That if the allegation was, that a part of the consideration was an indebtedness, due to Daniel Moore, while the proof shows a note, payable to Greenbaum Brothers, not indorsed over by them to him, then the indebtedness is not properly described, and the jury must find for the defendants.

Which the court refused. To all which rulings the defendants excepted.

And the jury having returned a verdict for the plaintiffs, the defendants moved for a new trial. Which motion the court overruled, and the defendants excepted.

W. T. BURGESS, for Appellants.

VAN BUREN & GARY, and W. HOPKINS, for Appellees.

CATON, C. J. We find no just ground for complaint of the instructions of the court, and if by the true construction of the contract as proved, the plaintiffs were entitled to recover the excess of the price for which the engine sold, over the amount of the debts due the defendants before such excess was received of the purchaser, then we think the verdict was right, and the judgment must stand, for the proof satisfactorily shows that the plaintiffs found the purchaser, and that the sale was made through their instrumentality. But we think the proof does not show such a contract. Shufeldt is the principal witness to prove the contract. He says: "It was stated by one of the parties, I think by Magill, that the engine cost a good deal more than the debt, and if sold, it ought to go to them after

paying their debt, if it brought more than their debt. Defendants said, all they wanted was their money, and that if Magill and Pickering would sell the engine before spring, the surplus moneys should go to them after paying their debt and interest." Again he says, the defendants were to be made whole for their debt, and that thirty dollars was to be allowed for the storage of the engine till spring. Moore tells us that the engine was sold for $2,700, on time, and that but $1,000 had been paid, although all the money was due when this action was brought. He says the proposition for the sale was $2,400 cash, or $2,700 on time. The latter offer was the one accepted by the defendants. The defendants agreed to pay the surplus to the plaintiffs after paying their own debts and the storage. Until the money was realized for the engine, there could be no surplus to pay over. The defendants were first to be made whole before any surplus was to be paid over to the plaintiffs. The proof shows that they have not yet been made whole. They might, by selling the engine for $2,400 cash, have reimbursed themselves, and had a small balance left for the plaintiff. But they sold it for the larger price, on time, solely for the benefit of the plaintiffs, thereby delaying their own demands, and it would hardly seem to have been in the contemplation of the parties, that they should be bound, not only to wait for their own money, but also to advance the surplus going to the plaintiffs. If it be said that the defendants may forever neglect to collect this surplus, and thus perpetually defeat this cause of action, the answer is, that the duty no doubt devolves upon the defendants to use reasonable diligence in the collection of this money, and for the neglect of this duty, the plaintiffs would no doubt be entitled to their remedy.

We think a new trial should be granted. The judgment is reversed and the cause remanded.

*Judgment reversed.*