73 U.S. 420
 18 L.Ed. 868
 6 Wall. 420
 TURTON
v.
DUFIEF.
 December Term, 1867
 
 ERROR to the Circuit Court for the District of Maryland.
 Dufief, acting without compensation and merely as a friend of a certain Mrs. Fowler, then a widow, in July, 1851, lent for her $2000 (money belonging to her) to Wheeler, taking from him a note payable in one year, and a deed of trust or mortgage security amply sufficient to secure the sum lent. These were delivered to Mrs. Fowler some time previously to October, 1851. Mrs. Fowler received interest in three different payments, up to January, 1853, and in March of that year, $500 of the principal. Some time between this last date and August of the same year, 1853, she was married to one Turton, and in August and December, he, as her husband, received two payments of interest. Wheeler was a man in good credit and solvent when the money was lent, and continued so till 1855. In that year he executed another mortgage, or deed of trust, to one Linthicum, dated 20th December, 1854, which was put on record, May 4th, 1855. The mortgage of the plaintiff had never been put on record, and the security was out and lost on that account.
 Tr ton, the husband, now sued Dufief for this loss.
 The substance of the narr., when eliminated from various epithets which tended to give it the character of an action for deceit and not of one on contract, and which, as such, the court observed 'would be wholly unsupported by the evidence,' was as follows:
 'That the defendant, having for the use of a certain M. R. Fowler (who hath since intermarried with the plaintiff) the sum of $2000, in consideration that she, the said M. R. F., would consent and agree that he, the said defendant, should lend the money to some person on good and sufficient security for the repayment thereof, and in consideration of the authority given by the said M. R. F., undertook and faithfully promised that he would diligently and carefully lend the said money to some person on good and sufficient security for the repayment thereof,' &c. 'Yet, that the said defendant contriving, &c., did not perform or regard his said promise, and did not diligently lend and invest the said sum of money to some person on good and sufficient security for the repayment thereof; but, on the contrary, lent the same to a certain Wheeler, and did not take good and sufficient security from him for the repayment of the same, whereby the same was wholly lost.'
 The court below charged that if the jury should find that the note was given by the drawer to the defendant as agent of Mrs. Fowler, and that the defendant, with her consent, had lent the amount for which the note was given, from funds in his hands belonging to her, and that the defendant, shortly after the making of the note, and before it reached maturity, indorsed the same to Mrs. Fowler, and at the same time delivered to her the note so indorsed, with the deed of trust executed to secure its payment; and further, that at that time, and when the note became due, the drawer, Wheeler, was solvent, and fully able to pay the same, and that the security for its payment was at that time free from the incumbrance of any subsequent deed from Wheeler, and sufficient for the payment of the said note—then that the plaintiff could not recover, although the jury might find that the debt was lost by the failure to place the deed on record before the recording of the subsequent deed to Linthicum.
 The case was now here on exception by Turton to that charge.
 Messrs. Brent and Phillips, citing Coggs v. Bernard,* contended that the bailee having entered upon the performance of his contract, had become liable for its discharge with diligence and correctness; that the contract here had been attended to with gross negligence; the recording of the papers having been obviously and indispensably essential to any 'good and sufficient security' for the money lent.
 Mr. Bradley, Senior, contra, citing 'The American Jurist,' vol. xvi, p. 254,** as containing true views of the liability of gratuitous as distinguished from paid bailees, contended, first, that there was no such consideration set forth in the declaration here as made a 'contract;' the act having been wholly for the ease and benefit of the bailor, and a mere burden to the bailee; that there was accordingly no 'contract' in legal sense in the case; that the defendant could be liable for nothing but fraud, of which there was none in the case; contending, secondly, that whatever engagement Dufief had entered into had been fully performed with due diligence, and as exactly as it was agreed to be.
 Mr. Justice GRIER delivered the opinion of the court.
 
 
 1
 We do not consider it necessary vindicate our opinion in affirming the charg of the court below, to enter into a discussion of the law of bailment in general from Coggs and Bernard down to this time, or clearly to define the difference between negligence and gross negligence. The evidence clearly esa blishes the fact that the defendant 'did diligently and carefully lend and invest the sum of money intrusted to him on good and sufficient security for the repayment thereof.' It is the gravamen of the charge in the plaintiff's narr. that he did not do so.
 
 
 2
 The mortgage was a sufficient security without being recorded, and continued to be so for three years. It was in the possession of the plaintiff his wife. The plaintiff himself had it in his possession near four months before the second mortgage was put on record. The neglect to put it on record may more properly be imputed to himself than to the defendant.
 
 
 3
 We are asked to decide that the gentleman who did Mrs. Fowler the kindness to make the investment for her should have anticipated her negligence, and that also of her husband, and have anticipated the insolvency, also, of the mortgagor, and that he has been guilty of negligence, either simple or gross, which should make him liable in the present action.
 
 
 4
 We do not take this view of the case, and find no error in the charge of the court.
 
 
 5
 JUDGMENT AFFIRMED.
 
 
 6
 The CHIEF JUSTICE did not sit in this case.
 
 
 
 *
 1 Smith's Leading Cases, 346; reported from 2 Lord Raymond, 913.
 
 
 **
 And see the American note to Coggs v. Bernard, 6th American edition, 419; 'Unpaid Agents.'