CHARLES L. GORHAM & another *vs.* RAPHAEL GROSS & another.

Worcester.   Oct. 2, 1874. — April 12, 1875.   COLT & MORTON, JJ., absent.

Two owners of adjoining lands, made an agreement reciting that they proposed to put up buildings on their respective estates, and agreed that the wall between them should be a party wall, one half on the land of each, and the manner in which the wall was to be built was specified ; each party granted to the other all such rights in his estate as might be necessary for the fulfilment of the agreement, and it was agreed that either party might build the wall, and that if one built it, it was to be to the satisfaction of the other. In an action of contract on this agreement the declaration alleged that the defendant built the party wall, but built the same negligently, improperly, and without due care, and by means thereof said wall fell upon the plaintiff's close, and injured a building thereon standing. *Held*, on demurrer, that the declaration disclosed no cause of action in contract.

CONTRACT, with counts in tort. The count in contract was as follows : " And the plaintiffs say that the plaintiffs and the defendants mutually executed and entered into an indenture, a copy of which is hereto annexed ; and were the respective owners of two adjoining parcels of land on the west side of Main Street, Worcester, as in said indenture set forth ; that the defendants erected the party wall therein mentioned, but erected the same negligently, improperly and without due care, and by means thereof said wall fell upon the plaintiff's said close, and injured and destroyed a building thereon standing, and injured and destroyed a stock of goods, merchandise and other personal property in said building, the same being the property of the plaintiffs, and otherwise injured the plaintiffs."

The indenture was dated July 9, 1873, and the material parts thereof were as follows: " Whereas the said Charles L. and Chester Gorham, and the said Gross and Strauss, are owners of certain adjoining parcels of land situated on the westerly side of Main Street in the said Worcester between land of the People's Savings Bank on the north and land of Mrs. Mary H. E. Davis on the south, and whereas the said parties to these presents propose to erect buildings upon their respective premises, they do hereby covenant and agree, each with the other, for themselves, their heirs or assigns, that the wall between their said premises shall be what is known as a party wall, to wit : One half of the thickness of the wall shall be built upon land owned by each of the said parties to these presents, and for the proper erection and maintenance of such party wall, the said parties do hereby give and grant each to the other, and to their heirs or assigns, all such rights and privileges in the premises and estates of each other as may be necessary for the fulfilment of this agreement in each and every particular thereof, subject to the restrictions and provisions hereinafter specified.

" It is hereby agreed that either or each party shall have the right at any time to build said party wall, or any part thereof, or to make additions thereto, by whomsoever such wall, or part, may have been previously built.

" And it is hereby agreed that the said party wall shall be built, constructed and maintained, in its several parts, and in any additions that may be made thereto, as follows. [Then followed a description of the materials and dimensions of the proposed wall, and the manner in which it was to be built.]

" The said party wall or any part thereof, which shall be built by one of the said parties to these presents, their heirs or assigns, shall be built to the satisfaction of the other party, their heirs or assigns, and the cost thereof shall be ascertained and agreed upon within a reasonable time after the building of such wall or part thereof, and either of the said parties, their heirs or assigns, desiring to use the said wall or a part thereof which has been built by the other party, their heirs or assigns, shall pay one half the costs of building the full thickness of the wall, for the whole of said wall in case they make use of the same, or a true proportional part of said cost in case they use a part only of said wall.

" Each party to these presents hereby reserves the right to enter, use or improve said party wall, in such ways and for such purposes as party walls are usually constructed therefor, and it is hereby agreed that any points respecting the same which are not herein specifically provided for, shall be decided by the custom in regard to party walls in the said city of Worcester."

The defendants demurred to the count in contract, assigning as cause therefor, that the count set forth no cause of action in substantial conformity to the Gen. Sts. *c.* 129, inasmuch as the said count contained no allegation of a breach of any contract, but only allegations of a case in tort.    *Gray*, C. J., overruled the demurrer, and at the request of the defendants reserved the question of law arising thereon for the determination of the full court.

*W. S. B. Hopkins*, for the defendants.

*T. L. Nelson*, for the plaintiffs.

GRAY, C. J.   If the defendants had undertaken, for a sufficient consideration, to build a wall for the plaintiffs, an action of contract might doubtless have been maintained for negligent performance of that undertaking.   Vin. Ab. Actions, P. 3.   *Elsee* v. *Gatward*, 5 T. R. 143.   *Thorne* v. *Deas*, 4 Johns. 84, 99.   1 Spence Eq. Jur. 243, 249.

But upon advisement we are all of opinion that no undertaking in this respect is expressed in, or can be inferred from, the written agreement into which the parties have entered.

By that agreement, each party grants to the other a license to build a party wall upon the boundary line between their estates, and all such rights and privileges in the estate of the former as may be necessary for the fulfilment of the agreement.   It is agreed that the wall built by either party shall be built of a certain width and materials, and to the satisfaction of the other party ; that the cost shall be ascertained and agreed upon within a reasonable time after the building thereof ; and that the other party, his heirs or assigns, may use the wall, upon paying half the cost.   Neither party is under any obligation to build the wall at all, and the agreement contains no stipulation as to the degree of care to be exercised in building it.

It is possible that a contract might be implied that the wall, if actually built by one party, and afterwards used by the other in

the construction of a building on his estate, should be sufficient for such use; and that if, by reason of its insufficiency in that respect, the building so constructed by the latter should fall, an action upon such implied contract might be sustained.

But the duty of the party, who avails himself of the right to build the wall, to exercise due care in building it, so as not to injure the buildings and property already upon his neighbor's estate, is not regulated by the agreement, and does not rest in contract; it is governed by the common law, and redress for any injury suffered by a failure in the performance of this duty must be sought by action of tort.

The plaintiffs' count in contract does not allege that the wall was not built of the prescribed width or materials, or to the satisfaction of the plaintiffs, nor that the plaintiffs have used the wall; but merely charges negligence of the defendants in building the party wall mentioned in the agreement, and consequent injury to a building and property upon the plaintiffs' land. The demurrer to this count must therefore be sustained and the

*Count adjudged bad.*