SAMUEL T. GLOVER, TRUSTEE, ETC., Plaintiff in Error, *v.* JOSEPH J. MERSMAN, Defendant in Error.

**May 22, 1877.**

1. A party-wall is a wall between two estates which is used for the common benefit of both.

2. Where A., under a license from B., built a wall upon a line dividing the estates of the parties, upon a written stipulation to the effect that, upon building a house against the wall and paying to A. one-half of the cost of the wall, B. should have the right to use the same as a party-wall, *held* that, until this condition was fulfilled, the wall was not a party-wall, but the property of A., and that when the wall, through the negligence of A., fell and injured B.'s property, A. was liable for the damages.

ERROR to St. Louis Circuit Court.

*Reversed and remanded.*

GLOVER & SHEPLEY and N. HOLMES, for plaintiff in error: Party wall.— *Fitch* v. *Leamy*, 9 Bosw. 530; Mas-

son's Appeal, 70 Pa. St. 26 ; *O'Daniel* v. *Baker's Union*, 4 Houst. 503 ; *Walls* v. *Hawkins*, 5 Penn. 20 ; *Shirred* v. *Cisco*, 4 Sandf. 485. An action on the case in tort is the proper action.— *Burnett* v. *Lynch*, 5 Barn. & Cress. 602 ; *Gorham* v. *Gross et al.*, 117 Mass. 442 ; *Chamitter* v. *Robinson*, 4 Exch. 169 ; *Klander* v. *McGrath*, 35 Pa. St. 128.

CLINE, JAMISON & DAY and F. A. CLINE, for defendant in error : Party-walls.— *Orman* v. *Day*, 5 Fla. 385 ; *Ingles* v. *Bringhurst*, 1 Dall. 341, 345 ; *Gorham* v. *Gross et al.*, 117 Mass. 442. Joint owners of, are equally bound to repair.— *Campbell* v. *Mesier & Dunstan*, 4 Johns. Ch. 333 ; *Winslow* v. *Fuhrman*, 4 Am. Law Rec. 166. And if the wall, through negligence, becomes dangerous, the negligence is joint, not several.— *Peyton et al.* v. *The Mayor, etc.*, 9 Barn. & Cress. 725 ; 1 Add. on Torts, 213.

LEWIS, P. J., delivered the opinion of the court.

The petition, after stating in effect that, on December 6, 1876, plaintiff and defendant were owners and, by themselves or tenants, occupants of adjoining lots, sets forth that " the defendant had, previously to the time aforesaid, erected upon the dividing line between said lots a wall, standing in equal parts on each side of said lots, under an agreement in writing between himself and the plaintiff, dated May 30, 1871, whereby it was stipulated that whenever, after the completion of the said wall, the plaintiff, or his legal representatives, should desire to use the same, or any part or portion thereof, by erecting and building a new house against or into the same, he or they should have the right so to do, by paying and refunding to the defendant one-half of what it would then cost to build such wall, or so much or such portion thereof as the plaintiff might desire to use for such new building ; all which, among other things, will appear by the said agreement, herewith filed ; that the plaintiff has not yet desired to use said wall for erecting such new house, nor has he paid or refunded the

aforesaid cost of any part of said wall. Plaintiff further states that on the said 6th day of December, 1876, the building on the said lot of defendant took fire and was burned down, whereby said wall was left standing in an injured, weakened, and dangerous condition, to the height of four stories or more, and so threatening and liable at any time to fall upon the buildings of plaintiff on his said lot ; and by reason of the premises, it became and was the duty of the defendant to prop, support, or otherwise protect and secure the said wall, and prevent the same from falling and doing damage to the plaintiff's said property.

"Plaintiff further states that the defendant, wholly neglecting his duty in the premises, negligently and carelessly omitted to prop, support, or in any other way secure or protect the said wall, but suffered the same to stand, in a dangerous and threatening condition, for the space of nine days or more, when, by reason of the carelessness and negligence of the defendant in the premises, the said wall suddenly fell upon, crushed, injured, and destroyed the buildings, structures, and property of the plaintiff on his said lot, whereby plaintiff sustained damage in his said reversionary estate and interest to the amount of twelve hundred and fifty dollars, and in the further sum of five hundred dollars on account of the loss of rents and income from said property ; for all which, together with costs of suit, he prays judgment."

The defendant demurred to this petition, as not stating facts sufficient to constitute a cause of action :

"1. Because it appears from the said petition that the wall mentioned therein did not belong to said defendant in his sole and exclusive right, but was the property alike of both plaintiff and defendant.

"2. Because the negligence and carelessness, if any, were the negligence and carelessness of plaintiff as well as of defendant.

"3. Because one of the owners of a party-wall, which

the wall in question, according to the petition of the plaintiff, is seen to have been, may not sue the other owner for damages resulting from a defect therein, of which both owners must take notice, and which both alike are obliged to repair."

The Circuit Court sustained the demurrer, and rendered judgment for the defendant. This was done manifestly upon an assumption that the wall in question was a party-wall. "By party-walls are understood walls between two estates, which are used for the common benefit of both." 2 Washb. on Real Prop., 4th ed., 363. This definition is both accurate and comprehensive. It is not sufficient, nor is it necessary, that a party-wall should stand half upon each of the adjoining parcels of land. It may stand half upon each, or wholly upon one, and may or may not be the common property of the two proprietors. But if used in common, or owned in common, — for ownership implies a use or benefit to the proprietor of the lot, — then, whether abutting upon or covering the dividing line, it will be a party-wall. The wall described by the petition in this case lacks the elements both of common user and of common ownership. The plaintiff was not necessarily the absolute owner of one-half the wall because that stood upon his lot. It had been so placed by his license in the agreement of May, 1871. By that agreement the ownership naturally resulting from his title to the soil was modified, if not wholly surrendered, for the time being. A stipulation to the effect that upon building a house against the wall, and paying to the defendant one-half of what it would then cost to build such wall, he should have the right to use it as a party-wall, was equivalent to an agreement that until such conditions were fulfilled he should not have the right so to use it. The wall, therefore, was the sole property of the defendant; and for any negligence or mismanagement in its keeping he was liable, as in every case when such negligence or mismanagement by an owner causes injury to another.

In *Masson's Appeal*, 70 Pa. St. 26, the plaintiff had built a wall under an agreement with the adjoining proprietor for a party-wall. It was held that, until paid for by the defendant according to the terms of the contract, the wall was the plaintiff's sole property, although erected on the defendant's ground. The contract was regarded as a license from the defendant. Other illustrations of the general principles here applied may be found in *Orman* v. *Day*, 5 Fla. 385; *Klauder* v. *McGrath*, 35 Pa. St. 128; *Gorham* v. *Gross*, 117 Mass. 442.

The demurrer should have been overruled. The judgment is reversed and the cause remanded. All the judges concur.