## MARY S. DODD *vs.* WILLIAM JONES.

Suffolk.   March 20. — June 26, 1884.   DEVENS & COLBURN, JJ., absent.

In an action for breach of an agreement to assign a policy of insurance upon a
house sold by the defendant to the plaintiff, by reason of which the policy be-
came void, the measure of damages (the plaintiff having procured no new
insurance) is the cost of insurance for the unexpired term of the policy, and
not the amount of the injury resulting from the subsequent burning of the
house.

W. ALLEN, J.   The defendant sold a house to the plaintiff,
and agreed to assign to her a policy of insurance which he held
upon it.   He did not assign it, although several times requested
by the plaintiff, but promised to do so, and gave some excuse
for not having done it.   The plaintiff procured no insurance
upon the house.   Nearly six months after the conveyance of the
house to the plaintiff, and about three weeks after the last
demand upon the defendant for an assignment, the house was
injured by fire.

The plaintiff declares in contract upon the agreement to as-
sign the policy, alleging that it became void by reason of the
neglect of the defendant to perform his agreement, and that
the plaintiff was deprived of the benefit of the insurance; and
seeks to recover the amount that might have been recovered
upon the policy for the loss by fire.   At the trial, the court held
that the plaintiff could not recover for damages resulting from
the burning of the house, nor for other damages than the cost of
procuring insurance for the unexpired term of the policy.   The
instructions given were clearly correct.

The agreement was not a contract of insurance, but of sale;
and the measure of damages for the breach of it was the value
of the thing sold.   A sum that would procure a similar pol-
icy, and thus place the plaintiff in the position she would have
been in had there been no breach of the contract, would in-
demnify her, and she cannot elect to go without insurance, and
hold the defendant as insurer.   Damages resulting from the
burning of the building are not the direct and natural conse-
quence of the breach of the defendant's contract, and could not
have been contemplated by the parties as included in it.   The

natural consequence of the failure of the defendant to perform his contract would be that the plaintiff would procure another policy of insurance, and she cannot charge the defendant with the consequences of her neglect to do that. *Loker* v. *Damon*, 17 Pick. 284. *Miller* v. *Mariner's Church*, 7 Greenl. 51. *Grindle* v. *Eastern Express Co.* 67 Me. 317. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304.　　　*Exceptions overruled.*

*A. L. Murray & D. F. Kimball*, for the plaintiff.

*E. C. Gilman*, for the defendant.