Williams *v.* Warbasse.

Abram R. Williams

*v.*

David Warbasse et al.

A mortgagor assigned a policy of insurance to his mortgagees as collateral security. He desired additional insurance on the premises, and one of his mortgagees promised to notify the company whose policy he held, but failed to do so. The mortgagor, however, obtained the other insurance. The premises were destroyed by fire, and, in an action at law against the first-named company, the mortgagees were held not entitled to recover because that company had not been notified of and consented to the subsequent insurance. *Query,* are the mortgagees liable, in equity, to the mortgagor on such promise.

*Mr. Charles J. Roe,* for complainant.

*Mr. Lewis C. Cochrane,* for defendants.

Note.—In *Wilkinson* v. *Coverdale, 1 Esp. 75,* the plaintiff purchased the premises in question from the defendant in August, 1792. The defendant then had a subsisting policy of insurance, and undertook to have it renewed for plaintiff's benefit, and in fact, did renew it, and charged the premium therefor, but failed to have the assignment recorded at the insurance company's office, whereby plaintiff lost all benefit from the insurance, and suffered a total loss. There was no consideration for defendant's promise.—*Held,* citing *Wallace* v. *Tellfair, 2 T. R. 188, note,* that defendant would have been liable on his promise, but the plaintiff, being unable [as in this case] to prove the promise, was nonsuited. See *Turton* v. *Dufief, 6 Wall. 420; Manny* v. *Dunlap, Woolw. 372.*

In *French* v. *Reed, 6 Binn. 308,* the plaintiff instructed the defendant to effect an insurance on a vessel from Philadelphia to the island of St. Domingo and two specified ports in the island. The defendant was under no obligation to obtain the insurance, but did get a policy to the island and one port, which the vessel reached in safety, but was captured on the voyage from the first to the second port.—*Held,* that he was liable. See *Park* v. *Hamond, 4 Camp. 344.*

In *Callender* v. *Oehrichs, 5 Bing. N. C. 58,* it was held that an undertaking to effect an insurance implied the giving of notice to the employer, of the failure to obtain it.

In *Soule* v. *Union Bank, 45 Barb. 111,* a mortgagee, who charged the mortgagor with the premiums for an insurance on his life for three years, and included the amount in the mortgage as a part of the principal, was held bound to keep the policies alive, and liable himself as an insurer for his neglect to pay the premiums and the consequent extinguishment of the policies. See *Morland* v. *Isaac, 20 Beav. 389; Brown* v. *Freeman, 4 De Gex & Sm. 444.*

Williams *v.* Warbasse.

BIRD, V. C.

The complainant was indebted to the defendants on bond and mortgage. The buildings on the premises mortgaged were covered by insurance. The policy was assigned to and held by defendants as collateral. The complainant desired additional insurance, which was forbidden by the policy named without the consent of the company issuing the first policy. However, he procured, or was about to procure, other insurance, and was informed that if he took such insurance without the consent of those who issued the first policy, such first policy would be forfeited. He then called upon one of the defendants and informed him of the facts, and says that that defendant promised to take the policy and procure the assent of the company to the additional insurance. This the defendant failed to do. The second policy was taken.

The property insured burned. An action at law was brought by the mortgagees to recover the amount of the first policy. The

---

In *Dodd* v. *Jones, 137 Mass. 322, (24 Am. Law Reg. (N. S.) 34 and note),* the defendant sold and conveyed a house to the plaintiff, and agreed to assign to her a policy of insurance which he held upon it. He did not assign it, although the plaintiff requested him to do so several times, and he promised her he would, but gave an excuse each time. The plaintiff procured no insurance on the house, which was injured by fire about six months after the conveyance.—*Held,* that the defendant was liable, and that the measure of damages was the cost of insurance for the unexpired term of the policy, and not the amount of injury resulting from the burning of the house. See *Beardsley* v. *Davis, 52 Barb. 159; Smith* v. *Price, 2 F. & F. 748; Grindle* v. *Eastern Express Co., 67 Me. 317.*

In *Charter Oak Life Ins. Co.* v. *Smith, 43 Wis. 329,* an insurance policy was obtained by a mortgagor, in accordance with the stipulations of his bond, and assigned to the mortgagee as collateral security, and the policy delivered to the mortgagee's agent. The mortgaged premises were destroyed by fire about September 1st, 1870. The loss was adjusted, and payable by the terms of the policy, December 1st, 1870, when the insurer was ready and willing to pay the same to the mortgagee. Negotiations for a renewal of the loan, however, were pending between the parties until January 1st, 1871, when the insurer failed, and the amount of the policy was lost.—*Held,* that the mortgagee must sustain the loss, on account of his negligence in not obtaining payment of the policy promptly.

In *Watkins* v. *James, 3 Jones 195, 5 Jones 105,* B was held liable on a promise to procure the money or draft of a merchant who bought A's tobacco, and to credit a bond of A's, which he held, therewith, and A lost the benefit thereof

Williams v. Warbasse.

company defended on the ground of forfeiture because of the
second insurance without consent. The court sustained this
defence. *Warbasse* v. *Sussex Ins. Co., 13 Vr. 203.*

Now, the complainant says that the defendants are liable, in
equity, to the extent of that loss. This can only be on the
ground of contract, express or implied, arising from the alleged
interview between the complainant and one of the defendants.
I can find nothing else in the case that will impose any obligation
on the defendants. The complainant, having assigned the policy,
had no right to alter or to diminish the rights or interests of the
defendants therein without their consent.

While it is true that other questions were presented on the
argument, in my view of the case, the only one that I should
look at is whether the proof sustains the allegations of the bill
or not. In this regard, I think, the complainant fails. He
does not make his case. The bill may rest upon equitable

by the merchant's becoming insolvent two months after A had delivered the
tobacco to him; see *Snydacker* v. *Magill, 24 Ill. 138*

In *Funkhouser* v. *Ingles, 17 Mo. App. 232,* an attorney, who had drawn a first
chattel mortgage, promised the mortgagee to have it recorded, but withheld
it from the record, and placed thereon other mortgages on the same chattels
given to himself and to third parties, which exceeded the chattels in value.
—*Held,* that the attorney was liable to the first mortgagee.

A suit cannot be maintained against a person merely for undertaking to get
a property insured, where he was paid nothing, and where the premium has
not been paid, *Frauenthal* v. *Derr,* (S. C. Pa.) *41 Leg. Int. 401.*

In *Shiells* v. *Blackburne, 1 H. Bl. 158,* a merchant, voluntarily and without
consideration, undertook to enter a parcel of plaintiff's goods with his own of
the same sort, at the custom house for export, but made the entry under a
wrong-class, whereby both parcels were seized.—*Held,* that he was not liable.

In *Thorne* v. *Deas, 4 Johns. 84,* A and B were the joint owners of a vessel,
which A voluntarily undertook to get insured, but he neglected to do so, and
the vessel was lost.—*Held,* that an action would not lie against A for the non-
performance of his contract, although B had sustained damage from the non-
feasance, there being no consideration for the promise. [This is said to be
the leading case on this point (*2 Pars. on Cont.* (*11th ed.*) *103, note*); but it is
criticised in *2 Pars. Mar. Law 471, note; Whart. on Neg., § 511;* and see *Hare
on Cont. 214*].

In *Glens Falls Ins. Co.* v. *Hopkins, 16 Ill. App. 220,* one of two partners, who
were merchants, was the agent of an insurance company, and issued a policy
on their stock of merchandise. Before the policy expired, the copartner re-

Williams *v.* Warbasse.

grounds, yet the proof is insufficient. The complainant is emphatic in his testimony as to what passed between him and one of the defendants; but the defendant is also quite emphatic to the contrary. And when I look at the circumstances and details, I cannot find enough to overcome the denial of the defendant.

I will advise that the bill be dismissed, with costs.

quested his partner, who was the insurance agent, to attend to the renewal, which he promised to do, assuring him that the insurance was all right and in force. The policy was not renewed, and three days after it expired the goods were burnt.—*Held*, that the firm could not recover from the insurance company on the promise of the partner-agent.

Where goods are stored by A with B, for sale, without any agreement as to their insurance, but under an agreement that B may use what he wants, and pay therefor, and B insures the goods, he cannot recover the premium from A, *Abbott* v. *Curtis Manuf. Co , 25 Fed. Rep. 402.*

In *Haley* v. *Manufacturers Ins. Co., 120 Mass. 292,* a mortgagee of chattels agreed to assign his mortgage, with a stipulation, that, until the assignment should have been completed, the proposed purchaser would keep the property insured for the benefit of the mortgagee. He failed to do so, and the mortgagee insured his interest as mortgagee in his own name. After a loss,—*Held*, that the liability of the proposed purchaser for the premium, under his contract with the mortagee, did not affect the insurance obtained by the mortgagee.

For other cases showing that an action will not lie for a mere nonfeasance, see *Elsee* v. *Gatward, 5 T. R. 143; Beauchamp* v. *Powley, 1 Moody & R. 38; Balfe* v. *West, 13 C. B. 466; Simpson* v. *Lamb, 17 C. B. 603; Morrison* v. *Orr, 3 Stew. & P. 49, 23 Am. Dec. 319; Rose* v. *Jackson, 40 Mich. 29; McGee* v. *Bast, 6 J. J. Marsh. 453; Gorham* v. *Gross, 117 Mass. 442; Poundstone* v. *Lewark, 4 Blackf. 173;* but see *Brown* v. *Ray, 10 Ired. 72; Benden* v. *Manning, 2 N. H. 289; Magdeburg* v. *Uihlein, 53 Wis. 165; Mariner* v. *Smith, 5 Heisk. 203;* see, also, *Stanton* v. *Bell, 2 Hawks 145; Conner* v. *Winton, 8 Blackf. 315; Shoenfeld* v. *Fleisher, 73 Ill. 404; 2 Am. Law Reg. 398; Story on Bailments §§ 166–172.*—REP.