Davis v. Osborn, 159 Ill. App. 283.

---

### Jared Davis, Appellee, v. J. T. Osborn, Appellant.

INSURANCE—*when insured not liable for failure to obtain consent to assignment of policies.* If the insured upon selling the property covered by insurance likewise contracts to assign the policies covering the same he is not liable for the loss occasioned by fire before the consent to the assignment has been obtained from the company.

Action in case. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed. Opinion filed December 7, 1910.

O. M. JONES and ACTON & ACTON, for appellant.

REARICK & MEEKS, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover alleged damages occasioned by loss by fire, of a stock of merchandise purchased of appellant, upon which stock appellant held certain insurance policies and which he contracted and agreed to assign to appellee as a part of the transaction. Before a transfer of these policies could be made it was necessary to obtain the consent of the insurer. This consent was not secured by appellant, and for that reason the assignment and delivery of the policies by him to appellee was not effected; the loss occurred before the policies were forwarded to the insurer to obtain consent to the assignment.

This action is based upon alleged negligence upon the part of appellant in failing to procure the proper assignment of these policies to appellee prior to the time of the fire. The trial below resulted in a verdict against appellant for $4,250, and it is to reverse that judgment this appeal is prosecuted.

The record in this case discloses that prior to June 29, 1908, Osborn owned a stock of merchandise and fixtures at Collison, Illinois; on June 29th, he sold this stock of merchandise and fixtures to appellee, and as a part of the contract of sale and transfer of said stock of merchandise appellant agreed to assign to appellee certain insurance policies which he held upon the stock of merchandise, amounting to $4,500.

As to the method of consummating the transfer of these policies from appellant to appellee, inquiry was made of the insurance agent through whom the policies were obtained at Allerton, Illinois. On July 3rd, after the information was obtained as to the manner of making this transfer, appellant signed an endorsement on said policies transferring all his interest therein to appellee. The transfer of the stock of mer-

chandise and fixtures was effected on June 29th and appellee then took possession. After the assignment of these policies by appellant, they were, with the knowledge of appellee, placed and permitted to remain in the safe in the store where the stock of merchandise and fixtures were located. Before the policies were sent to the insurance company requesting consent to the transfer and while the policies were in the safe in appellant's store a fire occurred on the night of July 4th and the stock of merchandise and fixtures were destroyed.

Appellee brought this suit to recover from appellant the amount of the loss on account of alleged negligence by appellant in failing to procure the consent of the insurance company to the assignment of the policies from appellant to appellee, and the only damage proven in this case is the amount of the loss occasioned to appellee by reason of the fire.

Upon the facts shown by this record there was no contract of insurance made by appellant with appellee. Appellant did not contract to procure insurance on this stock for appellee but sold and agreed to assign to appellee the insurance policies, which he then held upon the stock of merchandise, and the conditions of the policies, concerning which the contract was thus made, provide no assignment could be made by appellant to appellee without the consent of the insurer, and there is no evidence in this record that even had the policies been sent to the insurer, consent would have been given to the assignment. Appellee knew that the consent of the insurance company had not been obtained and that without this consent there was no valid assignment of the policies and if he desired to protect himself against loss by fire in the meantime it was his duty to have secured other insurance upon this stock of merchandise. Brant v. Gallup, 111 Ill. 487.

The recovery in this case is sought to be had upon the theory that the contract made by appellant with

appellee to assign these policies was a contract for insurance and under the agreement made appellant can be held responsible for a failure to procure the consent of the insurer to the assignment of the insurance upon appellee's stock after the transfer to him, but no such effect can be given to the contract made by appellant with appellee. The only contract made was a contract of sale and these insurance policies were included as a part of the property sold by appellant to appellee. Dodd v. Jones, 137 Mass. 322; Warvelle on Vendors, section 15, chapter 35.

The only damage that appellee could possibly have recovered against appellant would have been the amount that appellee would have been required to pay in securing policies of like amount upon this stock of merchandise and there is no proof as to any such damage in the record. Dodd v. Jones, *supra*.

Upon this record no recovery can be had against appellant and the trial court erred in not sustaining the motion to direct the verdict in favor of appellant. The clerk is hereby directed to enter in the judgment of this court the finding of fact that appellant did not contract with appellee to procure for him insurance upon this stock of merchandise.

The judgment of the trial court is reversed.

*Reversed.*