## WILLIAMS v. MEYERS.

No. 19501. Opinion Filed June 10, 1930.

Whiteside & Snodgrass, for plaintiff in error.

Robinson & Oden, for defendant in error.

LESTER, V. C. J. The parties on appeal appear in the reverse order to that in the district court, and they will be referred to as they appeared there.

The plaintiff, W. A. Meyers, and the defendant, Voyt Williams, entered into an exchange of property; the plaintiff transferred to the defendant certain real estate, upon which there were improvements which were insured. The defendant owned a certain automobile which was insured. Each of the parties agreed to have the insurance upon the respective property transferred to the other. The plaintiff duly transferred the insurance policy on the improvements on the real estate to the defendant, but it appears that the defendant failed to make a transfer of the insurance on the automobile to plaintiff.

The exchange of property was made on or about April 12, 1926. On or about June 24, 1926, the said automobile was almost completely destroyed by fire, and the plaintiff brought suit against the defendant and recovered three-fourths of the value of the property destroyed by fire.

The principal question presented on appeal is the measure of recovery against the defendant. Plaintiff contends he is entitled to recover three-fourths of the value of the property on account of the failure of the defendant to assign and deliver to him the insurance policy held by defendant on the

automobile. This particular question has never been passed upon by this court.

In the case of Mary S. Dodd v. William Jones, 137 Mass. 322, it appears that the defendant sold a house to the plaintiff, and agreed to assign to her a policy of insurance which he held upon it. He did not assign it, although several times requested by the plaintiff, but promised to do so, and gave some excuse for not having done it. The plaintiff procured no insurance upon the house. Nearly six months after the conveyance of the house to the plaintiff, and about three weeks after the last demand upon the defendant for an assignment, the house was injured by fire. The court in that case said:

"The plaintiff declares in contract upon the agreement to assign the policy, alleging that it became void by reason of the neglect of the defendant to perform his agreement, and that the plaintiff was deprived of the benefit of the insurance; and seeks to recover the amount that might have been recovered upon the policy for the loss by fire. At the trial, the court held that the plaintiff could not recover for damages resulting from the burning of the house, nor for other damages than the cost of procuring insurance for the unexpired term of the policy. The instructions given were clearly correct.

"The agreement was not a contract of insurance, but of sale; and the measure of damages for the breach of it was the value of the thing sold. A sum that would procure a similar policy, and thus place the plaintiff in the position she would have been in had there been no breach of the contract, would indemnify her, and she cannot elect to go without insurance, and hold the defendant as insurer. Damages resulting from the burning of the building are not the direct and natural consequence of the breach of the defendant's contract, and could not have been contemplated by the parties as included in it. The natural consequence of the failure of the defendant to perform his contract would be that the plaintiff would procure another policy of insurance, and she cannot charge the defendant with the consequences of her neglect to do that."

Also, in the case of Elfenbein v. Abbondanza, 118 N. Y. S. 1073, the court announced the rule to be:

"Where a vendor fails to have an insurance policy changed to the vendee's name in compliance with his contract, the damages are the amount of a premium on a similar policy."

In the instant case the court instructed the jury as follows:

"Now, therefore, should you find from a fair preponderance of the testimony that on or about April, 1926, at the time plaintiff and defendant made a trade wherein plaintiff traded to defendant his equity in certain real estate in Altus for a certain Willys-Knight automobile, that it was agreed by and between said parties that plaintiff was to transfer an insurance policy on said real estate to defendant and defendant was to assign an insurance policy on said automobile to plaintiff and that the plaintiff assigned said insurance policy to said real property to defendant, but that defendant, without any fault on the part of the plaintiff, negligently failed to transfer said insurance policy on said automobile to plaintiff, and should you further find that said automobile was damaged by fire during the life of said insurance policy without any fault or carelessness on the part of plaintiff, or anyone else acting for plaintiff, then you should ascertain the fair and reasonable value of said automobile just before and just after it was damaged by fire and return your verdict for plaintiff for three-fourths of the remainder after you have deducted the value after the fire from the value before the fire."

This instruction does not correctly state the measure of recovery.

It was the duty of the plaintiff to act with diligence, and if he desired insurance on the car, it was his duty to take out a policy on the same, and he was entitled to recover from the defendant the unearned premium from the date of the sale of the automobile to the plaintiff.

Judgment of the court is therefore reversed, with instructions to proceed in said cause consistent with the views herein expressed.

CLARK, HEFNER, SWINDALL, and ANDREWS, JJ., concur. RILEY, J., dissents. MASON, C. J., and HUNT and CULLISON, JJ., absent.