D'ESTE (ZANE v.). See Case No. 18,199.

---

## Case No. 3,826.

### DESSOR v. DAVIS.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 3,827.

### DE TASLET et al. v. CROUSELLAT.

[1 Wash. C. C. 504.] [1]

Circuit Court, D. Pennsylvania. Oct., 1806.

SET-OFF—ACTION ON BILL OF EXCHANGE.

1. The defendant, in an action on a bill of exchange, may set off a claim he has upon the plaintiff, for not having insured a particular sum on a vessel and which he was ordered and bound to do, the vessel having been lost, and no insurance having been made by the plaintiff.

2. Damages on bills of exchange, paid by the defendant, upon bills drawn by him on the plaintiff, and which the plaintiff was bound to pay, may be set off.

The questions in this cause were, whether the defendant could set off against the plaintiff's demand, which was on a protested bill of exchange for the sum of £7,000 sterling, which the defendant had ordered the plaintiff to insure on a vessel, the plaintiff being under a legal obligation to make the insurance as directed; but which he had failed to do, and the vessel was lost. Secondly. If he could set off about £1,800, which the defendant had paid for the damages on bills of exchange, drawn upon the plaintiff, and which he had protested, though he was bound to accept and pay them.

Mr. Levy, for defendant, contended, that under the law of this state, passed in 1705, which declares, that on the plea of payment, the defendant may give in evidence any bond, bill, account, bargain, or agreement; greater latitude was allowed to offsets than in England. That in the case of a merchant who has funds of another in his hands; or who has been in the habit of insuring for him; or who accepts a bill of lading from him, and yet refuses or neglects to make insurance when ordered; that he stands himself the insurer, is liable to pay exactly what the insurers would have been bound to pay,

and is entitled to make the same defence. He cited 1 Marsh. Ins. 205–209; 6 Term R. 488; Parker, 303, 304.

Mr. Rawle, for plaintiff, insisted, that the action against the merchant thus neglecting to insure, is founded in maleficio: that the damages are unliquidated, and cannot be set off.

BY THE COURT. The foundation of this offset is a breach of contract, which makes the merchant who thus neglects to insure, the insurer, and he is liable as the insurer, and is entitled to make the defence which the insurer could make. This, therefore, is not a case of unliquidated damages. As to the second point, that was settled in the case of Armstrong v. Brown [Case No. 542]. The parties then agreed to withdraw a juror, the plaintiff not being prepared to meet the first offset.

[NOTE. The case was tried at the October term, 1807, and verdict rendered for plaintiff. See Case No. 3,828.]