## SUPREME COURT.

### GEORGE W. SOULE and wife agt. THE UNION BANK.

Where a creditor procures a release of the lands of a grantee and owner, so far as to allow a mortgage of the grantor, his debtor, made to him to secure an indebtedness, to have priority over the interest of the grantee, the lien of the mortgage is the same as if the grantee had executed it instead of the mortgagor; and the creditor is subject to all the defences accruing to which the mortgagor could make or claim against him.

Where such creditor includes in the mortgage a certain sum as premiums for three years on a *life policy of insurance* of the mortgagor, as additional security, which he includes as part of the principal of the mortgage, and pays the premium for the first year, but neglects to pay it for the succeeding years, and voluntarily suffers the policy to expire, he is answerable to the grantee in case of loss of the insurance, either as insurer or as guilty of negligence in not making the insurance, for the whole amount of insurance to be credited on the mortgage before resorting to the lands for payment.

And it does not lie with the creditor to say that there was no *express agreement* to insure, and therefore he was not bound to insure; he is estopped by the premiums he received and which he claims to recover as a part of the mortgage debt.

*New York General Term, November,* 1865.

*Before* INGRAHAM, *P. J.,* LEONARD *and* BARNARD, *Justices.*

THIS cause was tried at special term, before Justice MUL-LIN, without a jury. From his judgment directing a dismissal of the complaint, the plaintiffs appeal. The facts presented by the findings and evidence, are as follows: The plaintiff, Ellen W. Soule, in February, 1859, by virtue of a conveyance for a valuable consideration, from Jacob

H. Mott and wife, held and owned all of Mott's interest in the lands belonging to the estate of John Hopper; being such owner on 16th of February, 1859, Mrs. Soule, in conjunction with her husband the plaintiff, George W. Soule, released to the defendants all her right, title and interest in such lands, so that a mortgage to be contemporaneously dated and executed by Jacob H. Mott and wife to defendants, might be a lien. This mortgage was given in part settlement of a debt defendants claimed to have against Jacob H. Mott, and was payable one year after his mother, Mrs. Winifred Mott's death.

In compliance with a condition of the settlement executed by defendants, Mott agreed to include, and did include in the mortgage on the lands agreed to be released by Mrs. Soule, the sum of $3,465.33, which was the premium of insurance on his life during the probable duration of his mother's life, as indicated by the Northampton tables, and which was fixed at a little over three years. Policies on which the annual premium was $1,125 were effected, in the aggregate amounting to $55,000. The first year's premiums were paid by the defendants, but when they became due for the succeeding year, the defendants determined to take the risk themselves, and not continue the policies, and by non-payment of the annual premiums said policies became extinguished.

Jacob H. Mott died May 13, 1861, when for the first time, Mrs. Soule, who executed this release on the faith of this insurance, discovered that these insurances were not in force. The defendants claiming that the mortgage given by Mott and wife, was a lien on Mrs. Soule's lands for the *full amount*, this suit was commenced for relief.

Defendants' position as taken in their answer, is understood to be that this insurance might have been collected without any obligation on their part to account therefor to Mott or any one. The learned justice refused to find, as matter of fact, that the release of Mrs. Soule was exe-

cuted, as she claimed, on the faith of the defendants' agreement to insure Mott's life, and the plaintiffs excepted. On the facts which he did find, he was requested to find as matter of law, either : 1. That the defendants having neglected to keep this insurance alive, the lien of the mortgage was discharged. 2. Or that the amount of the insurances should be credited on Mott's bond, and the land of Mrs. Soule exonerated to that extent. But the learned justice refused so to find, holding that as plaintiffs had failed to prove an express promise to insure, there could be no recovery.

PLATT, GERARD & BUCKLEY, *attorneys, and* THOMAS C. T. BUCKLEY, *counsel for plaintiffs.*

*First.* Where a mortgagee insures his own interest, at his own cost, for his own protection, any money received from that source does not reduce the mortgage debt ; but defendants having charged Mott with the premium, and included it in the mortgage given by him, are estopped from claiming that the insurance was merely an additional security, which they took for their own benefit, and which they could relinquish or not, as they pleased. If the policies had been kept alive, and the insurance paid, it would have extinguished Mott's debt to the amount received, and exonerated to that extent Mrs. Soule's land. That defendants saw fit for purposes of gain, to take the place of the insurance companies, can make no change in their liability, if the principle above contended for is sound. (*Fisher on Mortgages*, § 1153, *note h, Law Library N. S. vol.* 78, *p.* 427 ; *Ex parte Andrews,* 2 *Rose,* 410 ; *Morland* agt. *Isaac,* 20 *Beavan,* 389 ; *Fowley* agt. *Palmer,* 5 *Gray,* 551.)

*Second.* But if these policies were only in the nature of an additional security for the payment of Mott's debt, defendants could not annul that security to the prejudice of Mrs. Soule, who had given her property as surety for

that debt. 1 *Story's Eq. Jur.*, §§ 325, 326 : If the creditor has any security from the debtor, and by his negligence it is lost, the surety is discharged, at all events, to the value. of the thing so lost. The collateral must be held as well for the security of the creditor as the indemnity of the surety. (*Hayes* agt. *Ward*, 4 *J. C. R.* 130 ; *Hawks* agt. *Hinchcliff*, 17 *Barb.* 392 ; *Newton* agt. *Chorlton*, 10 *Hare*, 651 ; *Capel* agt. *Butler*, 2 *Sim. & Stuart*, 457, *commented on and approved in* 5 *Barb.* 592, 593 ; *Pearl* agt. *Deacon*, 24 *Beavan*, 186, 191 ; *Watts* agt. *Shuttleworth*, 5 *Hurl. & Norman*, 247.) The above cases hold that it is immaterial whether the surety knew or not that the creditor had taken the additional security. The last cited holds that the surety's rights do not depend on *actual contract.*

*Third.* An agreement to insure, if necessary as a ground of recovery, need not be expressly proven, but may be inferred (*Morland* agt. *Isaac*, 20 *Beavan*, 389). There is proof in the case, from which as respects Mrs. Soule, the court would be warranted in finding an agreement to insure, and the learned justice should have found as requested in folio 199 of the case.

1. See the evidence of Mrs. Soule, folio 104.

2. Which is supported by the evidence in relation to the proposition for settlement, and its terms.

3. By the inclusion of the premium in the mortgage.

4. By subsequent action of defendants in taking out the policies.

*Fourth.* The judge erred in excluding the question put to George W. Soule, at folio 95. (*Akin* agt. *Baumann*, 17 *Abb. Rep.* 28 ; *Schaffner* agt. *Reuter*, 37 *Barb. Rep.* 44).

*Fifth.* The judgment should be reversed, with costs.

SAMUEL A. FOOT *and* WM. E. CURTIS, *for defendants.*

By the court, INGRAHAM, P. J. The release executed by the plaintiffs, was only intended to operate on her estate

in the premises so far as to allow the mortgage executed by Jacob H. Mott and wife, to have priority over her interest, and the lien of the mortgage was the same as if they had executed it, instead of Mott. The plaintiffs then had a right to all the defences which Mott could make, and could claim the benefit of all payments which were made, whether received from Mott or themselves. If the insurance had been made in this case by the bank for their benefit, Mott would have had no claim to the proceeds, but the bank would have been entitled to the whole recovery. If Mott had made the insurance, and transferred the policy to the bank as security, it would not be doubted for a moment that in case of a recovery upon it. by the bank, they would be bound to credit the amount received on account of the indebtedness due them.

In the present case, the bank charged Mott the whole premium for three years, and included the amount as part of the principal of the mortgage. This, then, if the policy had been obtained, would have been an insurance paid for by the mortgagor, as additional security for the payment of the moneys due on the mortgage, and in case of loss, he would have in like manner been entitled to credit for the amount recovered. The bank was bound to insure, having charged Mott with the premium. They did not do so for three years, but it is apparent they so understood their obligations, for they effected an insurance for $55,000 for one year. The judge then finds that they elected to take the risk themselves, neglected to pay the premiums for the next year, and the policies expired. The bank under these facts must be considered as insurers, and liable to the same extent as the insurance company would have been if the policies had been continued by payment of the premium for the succeeding year.

If it should be said the bank could not be insurers for want of power, the answer is, that it is immaterial whether the bank is charged as insurers, or as guilty of negligence

in not making the insurance. The amount the plaintiffs are entitled to be credited on the mortgage would be the same. I think the justice erred in not so finding, when requested by the plaintiffs' counsel. Even admitting that the judge was right in holding there was no express agreement to insure, and, therefore, the defendants were not bound to insure (to which I do not assent), still it is apparent the defendants have received from the plaintiffs, or claim to have a right to receive from them, a portion of the premiums to which they have no right, and which if they were not bound to insure, would be a recovery of more than the debt due them and legal interest. If they were not bound to insure, they should at least have credited the plaintiffs with the premium not paid for insurance. There is no view of this case in which the judgment can be sustained. On the contrary, I think the plaintiffs are entitled to the relief asked for.

Judgment reversed and a new trial ordered, costs to abide the event.