NATIONAL MAHAIWE BANK, Respondent, *v.* ELIZABETH T. HAND, as Executrix, etc., of ALLEN F. HAND, Deceased, Appellant.

*Agreement to keep premises insured — breach thereof — measure of damages — evidence improperly admitted upon a trial.*

An agreement was entered into between two persons whereby one leased from the other a building for a period of years, with the right to purchase upon complying with the conditions therein named, and the lessee therein covenanted "to keep in force insurance on said property for the benefit of said bank (the lessor) in the sum of ten thousand dollars, in such companies as said bank shall approve." No policy of fire insurance was issued covering such building, and the same was thereafter destroyed by fire.

*Held,* that the measure of the damages of the lessor was not the sum of $10,000, but the cost of procuring a policy of fire insurance in that amount covering the premises in question;

That upon the failure of the lessee to take out the policy of insurance as provided by such agreement, the lessor should have taken out the same and charged the lessee with the cost thereof.

The complaint in an action alleged the making of a contract by which the defendant's testator agreed to keep certain premises of the plaintiff occupied by him insured in a specified sum, its breach by the defendant, injury to the plaintiff, and demanded damages to the full extent of the injury. All the allegations of

the complaint were admitted by the defendant; the plaintiff then rested; the defendant introduced in evidence a policy of insurance upon such premises against loss occasioned by the explosion of steam boilers; the defendant then rested.

The plaintiff thereupon requested and obtained permission to open the case and to give testimony showing that the president of the plaintiff was informed by the defendant's testator that a fire insurance policy had been obtained and was in force upon the premises in question, and that the plaintiff relied upon such statement, and that it did not know differently until after the destruction of the property by fire.

*Held,* that such evidence was not admissible, as that issue was not within the pleadings.

APPEAL by the defendant, Elizabeth T. Hand, as executrix, etc., of Allen F. Hand, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of April, 1894, upon the verdict of a jury directed by the court after a trial at the New York Circuit.

*George C. Holt,* for the appellant.

*J. F. Harrison,* for the respondent.

PARKER, J.:

Defendant's testator entered into an agreement with plaintiff on the 16th day of March, 1889, by which certain premises were leased to him for a period of years, with the right to purchase upon compliance with the conditions named. In addition to the stipulated sum to be paid as rent, the lessee further covenanted " to keep in force insurance on said property for the benefit of said bank in the sum of ten thousand dollars, in such companies as said bank shall approve, and also to pay all taxes assessed on said premises and property for the year 1889, and thereafter in the event of his purchasing said property as aforesaid."

In August following the mill buildings were destroyed by fire, and the plaintiff, ascertaining that the lessee had not taken out a policy of fire insurance in its name or for its benefit, commenced this action. Upon the trial, and immediately after plaintiff's counsel had opened the case to the jury, " defendant's counsel admitted that the plaintiff was a National bank, organized under the laws of the United States and doing business at Great Barrington, in the

State of Massachusetts; that on or about March 16, 1889, the plaintiff and Allen F. Hand entered into an agreement, a copy of which is annexed to the complaint; that the said Allen F. Hand entered into and took possession of the lands and property described in the said contract, being certain premises known as the Berkshire Paper Mill property, in the village of Mill River, Berkshire county, Massachusetts; that the said paper mill was destroyed by fire on or about August 14, 1889; that there was no fire insurance existing upon the mill at the time the mill was burned, and that, for the purpose of this case, the mill property was worth ten thousand dollars ($10,000), and that interest on $10,000 from August 14, 1889, to the date of the trial was $2,833.33, and the plaintiff's total claim $12,833.33." Plaintiff thereupon rested.

Defendant's counsel then put in evidence a policy of insurance upon the premises in question in the sum of $10,000, covering the explosion of steam boilers, which he contended was a literal compliance with his client's covenant to keep the property insured in the sum of $10,000.

He rested his case at this point, and moved for a dismissal of the complaint on the grounds:

*First.* That the policy introduced was in compliance with the terms of the covenant for insurance; and,

*Second.* That Hand having failed to insure against fire, it was the duty of plaintiff to effect insurance and charge Hand with its cost, and that the measure of damages was the cost of such insurance. Under the pleadings and the evidence as it then stood, we think defendant's counsel was right in his contention that the cost of effecting the insurance constituted the proper measure of damages. The question has not often been brought to the attention of the courts. Indeed, the investigations of counsel, and such as we have been able to make, have produced one case only in which the question as to the measure of damages has been discussed. That case differs somewhat from the one under consideration, but the reasoning employed is entirely applicable. In *Dodd* v. *Jones* (137 Mass. 322) a contract for the sale of a house and lot contained a promise that the grantor would assign a policy of insurance then in full force and effect. The property was conveyed to the grantee, but the policy was not assigned, although its assignment was requested.

The purchaser did not procure any insurance and the house was injured by fire. The purchaser then attempted to recover from his grantor such a sum as he would have been entitled to recover upon the policy of insurance had it been assigned, alleging that by reason of the grantor's failure to perform his contract in such respects the policy became void. The trial court held that plaintiff was only entitled to recover for the cost of procuring insurance for the unexpired term of the policy.

The court in its opinion said: " The agreement was not a contract of insurance but of sale, and the measure of damages for the breach of it was the value of the thing sold. A sum that would procure a similar policy, and thus place the plaintiff in the position she would have been in had there been no breach of the contract, would indemnify her, and she cannot elect to go without insurance, and hold the defendant as insurer. Damages resulting from the burning of the building are not the direct and natural consequence of the breach of the defendant's contract, and could not have been contemplated by the parties as included in it. The natural consequence of the failure of the defendant to perform his contract would be that the plaintiff would procure another policy of insurance, and she cannot charge the defendant with the consequences of her neglect to do that."

The argument in that case is applicable to this one; Hand's contract was not one of insurance but of leasing. The agreement does not contemplate that he should become the insurer of the property, and that the lessor should look to him in case of loss by fire to the extent of $10,000. But rather that for the use of the premises he should pay the taxes, whatever sum should be assessed against the property, and the insurance premiums necessary to keep in force a $10,000 policy, no matter what the expense of it should be, and in addition should pay a fixed sum to the lessor, which thus became to it net rent.

Under this contract of leasing the lessor had the right to demand of the lessee that he at once comply with his agreement respecting insurance, and in case of his neglect or refusal to perform, it was the right of the lessor to procure insurance and charge the lessee with the cost of it. This is a matter of every-day practice as between mortgagor and mortgagee under stipulations similar in

character. If this position be well taken, it follows that defendant was entitled to a dismissal of the complaint, for when she had rested there was no proof whatever tending to show what would have been the cost of obtaining the stipulated insurance.

The plaintiff thereupon moved the court "to open the case in order to show that the president of the bank was informed by Mr. Hand that a fire policy had been obtained and was in force, and that the bank relied upon Mr. Hand's statement that he had taken out a fire policy, and that the bank did not know differently until after the mill burned."

The object which the plaintiff had in view is readily apparent. Under the evidence as it then stood, and it was as broad as the complaint, argument had been made to the trial court that plaintiff was not entitled to recover any other sum as damages than the cost of insurance. Impressed, doubtless, with the force of the argument, it sought to introduce a new element, one not pleaded, and without asking an amendment of the complaint, the court was implored to open the case and admit testimony not embraced within the issues. The complaint alleged the making of the contract; its breach by the defendant; injury to the plaintiff, and demanded damages to the full extent of the injury. But its request was to be permitted to prove something in addition to that which it had alleged, facts which it apparently regarded as essential to support a recovery in the amount demanded in the complaint. It asked, in effect, permission to prove that it had not taken out insurance, and charged defendant with the cost, as it might have done, because defendant's testator deceived it; that he misled the plaintiff by telling its president that he had taken out insurance; that plaintiff relied fully upon such assurance, and, therefore, believing that such a policy was in full force, omitted to take the steps which it otherwise would have taken for its protection. Such an issue the defendant had not been invited by the pleadings to meet upon the trial, and he promptly made objection to the evidence on the ground that it was not within the pleadings. Objection was also taken when the president of the plaintiff was first called as a witness, and thereafter during his testimony, but the objections were overruled, and the exceptions taken thereto present error, which calls for a reversal of the judgment.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Van Brunt, P. J., and Barrett, J., concurred.

Judgment reversed, new trial granted, costs to appellant to abide event.