# FIRST DEPARTMENT

AT

# GENERAL TERM,

## October, 1895.

89 329
4ap521
89 329
153a 655

NATIONAL MAHAIWE BANK, Appellant, *v.* ELIZABETH T. HAND, as Executrix, etc., of ALLEN F. HAND, Deceased, Respondent.

*Covenant to insure against fire — measure of damages for its breach.*

In an action brought to recover damages resulting from the alleged breach of a covenant to insure property against loss by fire, it appeared that the plaintiff leased to the defendant's testator a paper mill by a written lease which contained the following covenant: " The said Hand is to procure at once and keep in force insurance on said property for the benefit of said bank in the sum of ten thousand dollars in such companies as said bank shall approve."

The lessee failed to insure the mill against loss or damage by fire, and the mill was destroyed by fire during the term of the lease. Upon the trial the plaintiff's complaint was dismissed upon the merits.

*Held,* that the measure of damages was the sum which it would have cost the plaintiff to have procured a policy for the stipulated amount, and that the trial court erred in not directing a verdict in his favor for the cost of such a policy.

APPEAL by the plaintiff, the National Mahaiwe Bank, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of February, 1895, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*Jared F. Harrison,* for the appellant.

*George C. Holt,* for the respondent.

FOLLETT, J.:

This action was brought to recover damages for the breach of a covenant to insure. There is no dispute about the facts. The sole question involved is as to the amount of damages, if any, that the plaintiff is entitled to recover. The plaintiff is the owner of the Berkshire Paper Mill, which, March 16, 1889, it leased to Allen F. Hand, the defendant's testator, for one year from May 1, 1889, for the rent of $1,000 and all taxes assessed on the premises during the year. The lease contained this covenant:

" The said Hand is to procure at once and keep in force insurance on said property for the benefit of said bank in the sum of ten thousand dollars in such companies as said bank shall approve."

The lessee entered into possession of the premises and occupied them until August 4, 1889, when the mill was destroyed by fire. The lessee failed to insure the mill against loss or damage by fire, which is conceded to have been worth $10,000 when destroyed. In the pleadings the fire is alleged to have occurred August fourth, but in the case it is stated to have happened August 14, 1889. On the first trial the court directed a verdict for the plaintiff for $10,000, with interest from the date of the fire, and a judgment for that amount was entered, which was reversed by this court on the ground that the value of the property destroyed, not exceeding the amount of the policy, was not the measure of the plaintiff's damages, but that the cost of procuring a policy for $10,000 was the true measure of damages. (80 Hun, 584.) There being no evidence on the first trial of the cost of such a policy the judgment, instead of being modified, was reversed. On the second trial (the one under review) it was shown that a policy for $10,000 would have cost $600. At the close of the case the court was asked to direct a verdict in favor of the plaintiff for $10,000, with interest thereon from the date of the fire, which was refused, and the plaintiff excepted. The court was also asked to direct a verdict for the plaintiff for $600, the premium on a policy for $10,000 for one year, which was refused on the ground that the plaintiff, not having paid that sum, could not recover, to which ruling the plaintiff excepted. Thereupon, upon the defendant's motion the complaint was dismissed on the merits, and the plaintiff excepted. The authorities do not agree as to the true measure of damages for the breach of a covenant to insure.

*Dodd* v. *Jones* (137 Mass. 322) did not arise out of a breach of an executory covenant, but from the breach of a contract of sale of an insurance policy. In that case the defendant sold a house to the plaintiff, which was covered by a policy of insurance having some time to run, which the defendant agreed to assign to the plaintiff, but afterwards refused to make the transfer. During the life of the policy the house was damaged by fire, and in an action brought to recover damages for the breach of this contract it was held that the plaintiff was not entitled to recover the damages caused by the fire, but was entitled to recover the value of the property purchased and paid for by the plaintiff (that is the policy), which the defendant had refused to assign. That case is not very closely allied to the one at bar.

In *Douglass* v. *Murphy* (16 U. C. Q. B. 113) it was held that the measure of damages for the breach by a tenant of a contract to insure was the loss sustained by the landlord, not exceeding the amount of the policy which the tenant covenanted to obtain.

In *Gray* v. *Murray* (3 Johns. Ch. 167) the defendant, as the agent of Gray, procured a policy on his (Gray's) life for £3,000 for ten years, and paid the premium for the first year. Subsequently the defendant ordered the policy canceled, and took out a new one for £450 on the life of Gray, who died within the year. In an action brought by Gray's executrix it was held that the defendant was liable for the amount insured by the original policy, after deducting the premium.

In *Perkins* v. *Washington Ins. Co.* (4 Cow. 645) an agent neglected his duty to insure the property of his principal, which was destroyed, and it was held that the agent was liable for the loss, not exceeding the amount for which he should have insured. In *Soule* v. *The Union Bank* (45 Barb. 111; S. C., 30 How. Pr. 105) the defendant, for a valuable consideration, agreed to procure and keep in force during the life of a third person an insurance for $55,000 on the life of Mott, which insurance was for the benefit of the plaintiff. The defendant obtained a policy and paid the premium for one year, but neglected to pay the subsequent premiums. Mott died within the time during which the defendant agreed to keep the policy alive, and in an action to recover damages for the breach of the agreement it was held : "The bank, under these facts, must be con-

sidered as insurer, and liable to the same extent as the insurance company would have been if the policies had been continued by payment of the premium for the succeeding year."

In *Ainsworth* v. *Backus* (5 Hun, 414) the plaintiff obtained a policy on the life of her husband, and assigned sixty per cent thereof to the defendant, who agreed to keep the policy alive for the benefit of the plaintiff, but failed to perform his engagement, and the policy was forfeited. In an action brought for damages by the wife during the lifetime of her husband, it was held that the refusal to allow the plaintiff to show that the policy was worth $250 was an error, for which a new trial was granted.

In *Ela* v. *French* (11 N. H. 356) the plaintiff consigned books for sale on commission to the defendant, who agreed to cause them to be insured. He neglected to procure an insurance, and the books were destroyed while in his possession, and it was held that for the breach of this promise the plaintiff was entitled to recover the value of the books lost.

In *Miner* v. *Tagert* (3 Binney, *204) and in *French* v. *Reed* (6 id. *307) it was held that an agent who neglects his duty to insure the property of his principal, which is lost, is liable for its value, not exceeding the amount for which it should have been insured. In *Morris* v. *Summerl* (2 Wash. C. C. 202) it was held that a merchant, who is directed to insure the goods of his correspondent and neglects to do so, is liable in case of loss as an insurer. This judgment was affirmed by the Supreme Court of the United States. The same rule was held in *DeTaslet & Co.* v. *Crousellat* (1 Wash. C. C. 504; 2 id. 132). In *Hawkins* v. *Coulthurst* (5 B. & S. 343) the defendant assigned a policy of insurance on his life for £1,000 to trustees for his creditors, and covenanted that he would do nothing by which the policy should be forfeited. He broke the covenant, and the measure of damages was held to be the value of the policy at the time of the breach. In *Ex parte Bateman, In re Routledge,* (8 De Gex, M. & G. 263) the owner of a saw mill received timber to be converted into lumber, and agreed to keep it insured from damage by fire and to pay the value of the timber in case it should be burned. In that case it will be observed that there was a promise to pay for the timber in case it was destroyed. It was held that the measure of damages was the value of

the timber burned. In *Smith* v. *Price* (2 Foster & Fin. 748) the defendants, who were commission agents, undertook to effect an insurance on the plaintiff's goods, but neglected to perform their agreement, and, the goods being lost, it was held that they were liable for their value. In sections 1400 and 1401, Biddle on Insurance, and in section 399b, May on Insurance (3d edition), many cases are cited, and the result seems to be that the damages recoverable for the breach of an agreement to insure property which is destroyed is the value of the property, not exceeding the amount for which it should have been insured. In Arnold on Marine Insurance (Vol. 1 [6th ed.], 185) the rule is laid down that, in case an agent neglects to insure the property of his principal, and it is lost, he is liable to the same extent that the underwriter would have been had the insurance been effected. (See, also, 2 Parsons Marine Ins. 430.)

But whatever the rule may be in other jurisdictions, we are bound by the judgment of this court on the former appeal, where it was held that the measure of damages was the sum which it would cost the plaintiff to have procured a policy for the stipulated amount, and under that decision the trial court erred in not directing a verdict for the cost of such a policy.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.