FRANCK, Respondent, vs. STOUT and another, Appellants.

*April 2—April 20, 1909.*

*Landlord and tenant: Contract to insure: Breach: Measure of damages: Evidence: New trial: Newly discovered evidence: Cumulative evidence: Pleading: Amendment: Withdrawal of count: Costs: Discretion.*

1. On breach by the lessee of a contract to keep the premises insured for a specified amount, the measure of damages is the loss sustained by the lessor, not exceeding the amount agreed upon.

2. When a lessee fails to keep the premises insured according to contract, it is not the duty of the lessor, in order to minimize the loss, to procure the insurance and charge the premium to the lessee, unless the lessee has refused to procure insurance. The mere fact that he allowed a policy to be canceled is not sufficient.

3. In an action by a lessor against the lessee for breach of a contract to keep the premises insured, evidence of financial aid rendered the lessor by the lessee during the term is irrelevant and raises collateral issues.

4. A new trial should not be granted for newly discovered evidence which is merely cumulative.

5. The allowance of costs on the withdrawal by plaintiff of one cause of action is within the discretion of the trial court.

APPEAL from a judgment of the circuit court for Taylor county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought to recover damages for breach of

an agreement in an oral lease to defendants of plaintiff's saw-mill whereby defendants agreed to keep the same insured during the term of the lease in the sum of $800 for the benefit of the plaintiff. The complaint contained a second cause of action for material furnished, but this cause of action was withdrawn upon the trial. Defendants denied the agreement to keep the premises insured. The property was destroyed by fire. There was a verdict in favor of the plaintiff in the sum of $800, with interest. After motion to set aside the verdict and for a new trial was denied, judgment was rendered in favor of the plaintiff upon the verdict, from which this appeal was taken.

The cause was submitted for the appellants on the brief of *Herman Leicht*, and for the respondent on that of *Barry & Barry*.

KERWIN, J. The evidence tends to prove that the defendants agreed to keep the property of plaintiff insured for his benefit in the sum of $800, took out a policy for $800 for the benefit of plaintiff, which was canceled, and failed to procure other insurance, and that the property was destroyed by fire and plaintiff sustained damages in consequence of such fire in the sum of $800. The defendants seek to reverse the judgment for alleged errors committed on the trial.

1. The appellants assign error upon the following instruction:

"The measure of damages on breach of this covenant or condition is the loss sustained by the landlord, not exceeding the amount of the insurance tenants covenanted to procure. This is the law you should use on arriving at your verdict. . . . If you find and believe from the whole evidence by a fair preponderance thereof that it is a fact that the plaintiff—*Franck*—leased to the defendants—*Stout* and *Robinson*—the premises described in his complaint, and that the defendants were to pay a certain amount for the use of the premises, and also agreed to keep the same insured while the

defendants were occupying the said premises under said lease as tenants of the plaintiff, and that the property which the defendants agreed to insure was destroyed by fire while the defendants were occupying the same under the lease, then your verdict must be a verdict in favor of the plaintiff and against the defendants for the sum of $800, with interest at the rate of six per cent. from the 15th day of July, 1907."

The objection to this instruction is that it gave the jury a wrong rule of the measure of damages, in that the jury should have been instructed that if the plaintiff had knowledge of the fact that there was no insurance on the property it was his duty to procure such insurance if he had sufficient time and could reasonably do so. This rule is invoked under the doctrine that when plaintiff had knowledge of the breach he was bound to mitigate the damages by procuring insurance, charging the premiums paid to defendants, and thus mitigate damages. But the difficulty with the appellants' contention under this head is that they have not made a case which would entitle them to invoke the rule of law which they claim applies. Whether appellants would be entitled to an instruction along the lines contended for had there been evidence that the appellants did not intend to further carry the risk, and so notified respondent, a different question would be presented. Whether in such case the plaintiff would be bound to insure in order to miminize damages we need not consider, because such a case is not made by the evidence. There is in this case no evidence of a breach sufficient to warrant plaintiff in procuring insurance and charging the premiums to defend-.ants. The evidence merely shows that the policy was canceled and that the insurance company refused to carry the risk at the rate charged in the policy. So far as the proof shows, the defendants may have preferred to carry the risk themselves than to pay the high premium required. At least until there was a breach on the part of defendants which would justify plaintiff in procuring insurance at the expense

of defendants, plaintiff was, under the agreement, under no obligation to procure insurance. The record is wholly barren of any evidence which would entitle the appellants to the instruction which they contend for. So far as the evidence shows, the appellants may have intended to secure insurance as soon as practicable. They were insurance agents and in better position to procure it than plaintiff. There is no evidence brought home to plaintiff that they did not intend to do so or to carry the risk themselves until they procured insurance. There was no error in the instruction given.

2. Error is assigned on the exclusion of evidence offered by appellants respecting financial aid rendered to plaintiff in matters not connected with the issues in the case, and various acts of kindness by financial aid for the purpose of corroborating the claim of defendants that the policy was not taken out for the benefit of plaintiff by force of a contract to do so, but as an act of kindness on the part of defendants. It will be seen at once that the issues raised by this class of evidence were collateral to the main issue and bore only remotely thereon, and would greatly tend to divert the attention of the jury from the principal issue and raised a multitude of collateral issues. Such testimony is obnoxious to the rule requiring the evidence to correspond with the allegations and be confined to the point in issue. 1 Greenl. Ev. (15th ed.) §§ 52, 448. If the defendants were permitted to offer this class of evidence, the plaintiff, of course, should have been permitted to rebut it, and in this way collateral issues would have been raised to the great embarrassment of the main issues in the case. We find no prejudicial error in the exclusion of evidence.

3. Error is assigned on the denial of motion for a new trial. This error is based on the alleged errors already considered and because of newly discovered evidence. The alleged newly discovered evidence was cumulative, and no error was committed in denial of a new trial on that ground.

4. It is also claimed that error was committed in not imposing costs upon plaintiff on withdrawal of his second cause of action. The matter of imposing or denying costs on such withdrawal was clearly within the discretion of the trial court, and we find no abuse of discretion in that regard. We find no reversible error in the record.

*By the Court.*—The judgment is affirmed.