MARCONI WIRELESS TELEGRAPH COMPANY OF AMERICA, Appellant, *v.* UNIVERSAL TRANSPORTATION COMPANY, INC., Respondent.

First Department, December 3, 1920.

**Insurance — breach of agreement by lessee of wireless telegraph apparatus to insure same for stated sum — measure of damages — evidence of value of apparatus.**

Where the plaintiff leased to the defendant a wireless telegraph apparatus for use on one of its boats under a contract binding the defendant to procure insurance thereon in favor of the plaintiff for $2,000, and the defendant, without the knowledge of or notice to the plaintiff, failed to procure the insurance, the defendant is liable to the plaintiff for the damages caused by the loss of the apparatus, not exceeding the amount of the required insurance.

The evidence on which the court based its finding that the reasonable value of the apparatus was $2,000 was not as convincing as it might have been, but in the absence of contrary evidence it was sufficient to sustain the finding.

APPEAL by the plaintiff, Marconi Wireless Telegraph Company of America, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of April, 1920, upon the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived, dismissing the complaint, and also from an order entered in said clerk's office on the 5th day of May, 1920, denying the plaintiff's motion for a new trial made upon the minutes.

*Peter F. McAllister* of counsel [*Henry T. Hall* with him on the brief]; *Griggs, Baldwin & Baldwin,* attorneys, for the appellant.

*Emilie M. Bullowa* of counsel [*Bullowa & Bullowa,* attorneys], for the respondent.

PAGE, J.:

There is no controversy as to the facts in this case. On April 9, 1917, the plaintiff entered into a contract in writing

whereby the plaintiff agreed to equip the steamship *Hilonian*, belonging to the defendant, with its system of wireless telegraphy and furnish an operator for the term of two and one-half years. The defendant agreed to pay as rental for the apparatus $100 per month, and for the services of the operator $50 per month, and it was further agreed that " the wireless apparatus shall be insured by the steamship company in favor of the Marconi Company in the sum of $2,000 against all war risks." The plaintiff thereafter installed upon the *Hilonian* a complete wireless apparatus and performed on its part all the conditions of the contract. The defendant failed to insure the wireless apparatus in favor of the plaintiff against all war risks. On or about the 16th day of May, 1917, the *Hilonian* was torpedoed and sunk by a German submarine and the wireless apparatus was a total loss. The defendant has recovered judgment dismissing the complaint upon the theory that the measure of damages was the amount of premiums which would have been charged for war risk insurance on the wireless apparatus in the sum of $2,000, of which there was no proof. This rule of damages is applicable when the party whose interest is to be insured has knowledge or notice of the fact that the party agreeing to secure the insurance has failed to secure it. (*National Mahaiwe Bank* v. *Hand*, 80 Hun, 584; 89 id. 329.) The reason of this rule is apparent; it is the duty of the party who has knowledge or notice that the other party has broken the contract to minimize the damage to have protected himself from loss by securing the insurance himself, in which event, he would be entitled to recover the premiums he paid, and his damage is limited to the amount of the premiums. But where, as in the instant case, he has no knowledge or notice of the defendant's failure to take out the insurance, the measure of damage is the loss sustained, not exceeding the amount of the required insurance. (*Jacksonville, etc., Railway* v. *Hooper*, 160 U. S. 514, 529; *Franck* v. *Stout*, 139 Wis. 223.) Clearly the plaintiff could rely upon the defendant's performing its agreement to take out the insurance. Until it had notice or knowledge of the defendant's failure so to do, there would be no occasion for it to insure the property. It may be that owing to the large premiums

required by the insurance companies, the defendant preferred to carry the insurance itself. Whatever the explanation of the defendant's default, the plaintiff is entitled to recover the damages that necessarily flow from the breach of the agreement, which was the amount of the loss sustained, not exceeding the amount for which the insurance was to have been procured.

The court found, on the plaintiff's request, that the said wireless apparatus at the time it was lost was of the reasonable value of $2,000. While the evidence of value given by the plaintiff was not as convincing as it might have been made, nevertheless, in the absence of evidence to the contrary, it was sufficient to sustain the finding of the court.

The seventh finding of fact and all the conclusions of law and the judgment are reversed, with costs. The plaintiff's eighth proposed finding of fact, as found by the trial justice, will be found in place of the seventh finding, which is reversed, and appropriate conclusions of law made directing judgment for plaintiff for the sum of $1,984.16, with interest thereon from May 16, 1917, together with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff for the sum of $1,984.16, with interest from May 16, 1917, with costs. Settle order on notice.