John R. Heilman, J.
This is an action to recover the sum of $5,000, ibased upon a lease (agreement ¡between the parties, under one of the terms of which the defendant contracted arid agreed to oibtain .insurance in that amount against loss of the subject premises due to ¡fire. The dwelling was totally destroyed by fire (hr or. about August 14,1970, about 10 weeks after the lease was executed.
The defendant’s answer contained general denials and several affirmative defenses, one of ¡which alleges that plaintiff knew of the defendant’s failure to obtain insurance, within sufficient time prior to the fire so that he was himself obligated to obtain insurance, and ¡accordingly, damages should ¡be limited to the cost of the premium for the insurance in question. The defendant, however, failed to appear on the date set for trial and the matter ¡was scheduled for .inquest. The defendant failed to appear at the inquest, but his attorney of record again put forth the above defense. Testimony was taken and each side was invited to submit memoranda in support of their respective positions. Only the plaintiff favored the court with such a memorandum.
*562 Although there is little current law on the issues raised by the matter, the applicable law appears to be that where the premises are destroyed and the tenant has breached his covenant to insure or to keep the demised premises insured, with knowledge ofi such breach on the part of the landlord, the measure of damages recoverable by the landlord is the cost of such insurance and not the amount of insurance the tenant covenanted to obtain (National Mahaiwe Bank v. Hand, 80 Hun 584; Marconi Wireless Tel. Co. v. Universal Transp. Co., 194 App. Div. 272, affd. 233 N. Y. 581; see, generally, 33 N. Y. Jur., Landlord and Tenant, § 113, p. 424).
There is no question that the landlord plaintiff had knowledge of the lack of insurance prior to the fire in question. At the inquest, his own testimony was to the effect that he knew defendant could not obtain insurance or said he could not obtain insurance about one month after the lease was signed. Plaintiff further testified that his own agent indicated a willingness to insure the premises if plaintiff so desired; this offer plaintiff rejected.
Plaintiff contends that his failure to obtain his own insurance should be excused or that the principle stated above should not be applied in this case since he was deceived by defendant, and as a result of such deceit he failed to insure the premises ■himself. In all the cases cited by the plaintiff in support of his position, the deceit went to the issue of whether or not insurance was in force. In each of the cases cited by plaintiff the person seeking relief was under the impression that a valid insurance policy was in force. To that extent these cases are distinguishable.
Further, plaintiff argues that he took all reasonable steps once he obtained knowledge that there was no insurance. However, the only step which he took was inquiry regarding the availability of such insurance. "When such inquiry disclosed to plaintiff that he himself could obtain appropriate insurance coverage, he rejected the, proposal made by his insurance agent. What is reasonable, of course, is relative to the facts as they present themselves. Here, the plaintiff, by his own testimony at the inquest, indicated a clear awareness of the high risk of fire in the vicinity of the dwelling in question. Accordingly, it is the opinion of this court that the plaintiff did not act in a manner reasonably calculated to protect himself against a high risk when he had every opportunity to do so. Similarly, plaintiff’s argument sounding in estoppel must also be rejected. Any deception was .only as to the efforts being made to obtain insur *563 anee, not as to the fact of the existence of insurance or the lack thereof.
The court finds no legal justification for a deviation from, or an exception to, the applicable law in such cases as outlined above. The court finds that the plaintiff’s damages shall be limited to the cost of the premium on a fire insurance policy covering the property in question as of the date of the original lease agreement. No testimony having been taken on that subject at the inquest, the matter is set down for further proof in that regard only on January 24, 1976 at 4 p.m., unless the parties stipulate to such amount prior thereto.