■ JOSE RODRIGUEZ et al., Appellants, v ALAN NACHAMIE, Respondent. —In an action, *inter alia,* to recover damages for breach of a lease, plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County, dated March 30, 1976, which denied their motion for summary judgment and (2) as limited by their brief, from so much of a further order of the same court, dated June 15, 1976 as, upon reargument, adhered to the original determination. Appeal from the order dated March 30, 1976 dismissed as academic. That order was superseded by the order made upon reargument. Order dated June 15, 1976 reversed, insofar as appealed from, on the law, and, on reargument, motion for summary judgment granted, and action remanded

to Special Term for the fixing of damages in accordance herewith. Plaintiffs are awarded one bill of $50 costs and disbursements to cover both appeals. On August 25, 1973 plaintiffs-appellants, as landlord, and defendant-respondent, as tenant, entered into a written lease for the rental of certain commercial premises for the practice of medicine and allied health service .professions for a period of eight years, with an option to renew. The lease and rider provided that the tenant would maintain fire insurance on the building and equipment, with the landlord as loss payee; a schedule of such insurance was to be turned over to the landlord within 30 days of the execution of the rider. The lease also contained the following provision: *"No abatement of rent in event of destruction of, or damage to property:* Neither the partial nor total destruction of any building on the premises by fire, elements or any other cause shall in any manner affect this Lease or the rights and obligations of the Tenant thereunder and the rent shall not abate, diminish or cease. The Tenant expressly waives the provisions of any and all provisions of law now existing or which may hereafter be enacted which provides otherwise." On July 17, 1974 the premises were destroyed by fire. Defendant had never procured the necessary insurance. In this action, plaintiffs seek to recover the balance of rent due as provided in the agreement and damages for defendant's failure to procure the insurance. Under common law, a lessee was held to his obligation to pay rent even though the premises were destroyed *(Vann v Rouse,* 94 NY 401). Section 227 of the Real Property Law changed the common-law rule to provide that a lessee is not liable to pay rent subsequent to his surrender of the premises if the destruction occurred without his fault or neglect. This, however, has no application where there is an express agreement to the contrary. Accordingly, plaintiffs' motion for summary judgment for the rent due under the lease should have been granted. Defendant's allegation that the lease agreement is unconscionable is legally insufficient to defeat the motion. A definition of unconscionability includes an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party (see *Albert Merrill School v Godoy,* 78 Misc 2d 647). The affidavit submitted by defendant contains no proof in evidentiary form to substantiate such claims. Special Term held that section 2-302 of the Uniform Commercial Code could be applied to this contract in order to avoid an unconscionable result. Inasmuch as there is no evidence of unconscionability in this case, we do not reach the question of whether the provisions of section 2-302 have application to a commercial lease of buildings. Plaintiffs also seek to recover damages for defendant's failure to insure the buildings. Since it has been shown that plaintiffs were aware that defendant failed to procure insurance, in violation of the agreement, damages are limited to the cost of such insurance *(Marconi Wireless Tel. Co. of Amer. v Universal Transp. Co.,* 194 App Div 272, affd 233 NY 581). Hopkins, J. P., Martuscello, Cohalan and Damiani, JJ., concur.