BLOODWORTH, Justice.
Defendant corporation and eight of eleven non-corporate defendants appeal from a judgment for plaintiff cancelling four leases and ordering a sale for division of land owned by plaintiff and the non-corporate defendants as tenants in common. We reverse and remand.
Plaintiff, Jerry Spurlock, and the eleven non-corporate defendants are the twelve children of Frank Spurlock, owner and operator of a junk business, who died in 1955. In an action brought in 1965, plaintiff and defendant Louie Spurlock filed suit against the other heirs for an accounting and for a sale for division of Frank’s real and personal property. As part of the settlement of that case, plaintiff, defendant Louie Spur-lock, and defendant Ollie Belle Spurlock Cash each made a lease of his or her interest in the real property to the remaining brother Paul and eight sisters. The nine lessees then formed a corporation and leased to it the entire interest in the real estate.
*1150 Each of the four leases contained a provision that the lessees would pay all taxes and provide hazard insurance on the real estate. It is uncontroverted that no hazard insurance was purchased by any of the lessees. There was no agreement providing for termination of the leases by the lessors for failure of the lessees to insure.
Plaintiff-lessor brought suit for cancellation of all four leases for breach of the covenants to insure, and for a sale for division, but made no alternative claim for damages. There was conflicting evidence as to losses occasioned by the failure to insure.
The trial court, after declaring that each brother and sister owned a Vn interest, held for plaintiff-lessor, cancelling all four leases and ordering a sale for division.
The issue presented to us is whether the remedy of cancellation is available in this case for the lessees’ breach of the agreements to insure and, if so, whether that remedy may be applied to the leases to which plaintiff-lessor was not a party.
Cancellation of an instrument, although within the discretion of the trial court, is an extraordinary remedy to be granted only in a clear case with strong and convincing evidence. Cross v. Maxwell, 263 Ala. 509, 83 So.2d 211 (1955). In the usual case involving a lessee’s breach of an agreement to insure, the appropriate remedy is damages. E. g., Richmond v. Kelsey, 225 Mass. 209, 114 N.E. 319 (1916); Robinson v. Janay, 105 N.J.Super. 585, 253 A.2d 816 (1969); Rodriguez v. Nachamie, 57 A.D.2d 920, 395 N.Y.S.2d 51 (1977); Marconi Wireless Telegraph Co. v. Universal Transp. Co., 194 App.Div. 272, 185 N.Y.S. 65 (1920), aff’d, 233 N.Y. 581, 135 N.E. 926 (1922); Franck v. Stout, 139 Wis. 223, 120 N.W. 867 (1909).
However, plaintiff-lessor maintains that this case presents a special situation. The leases from plaintiff, Louie, and Ollie Belle were made to settle the disagreements which culminated in the 1965 suit. There is evidence of continued disharmony among the family members and testimony that plaintiff would not have leased his interest without the insurance clause. The trial court found these to be sufficient special circumstances, when added to the failure to insure, to warrant cancellation. We cannot agree.
The presence of ill will among the family members is not a circumstance entitling plaintiff-lessor to cancellation. Rather, the disagreement as to the division of the family property is the main reason for the existence of the leases. The leases were made to settle the previous suit and would have been unnecessary had there been no disputes between the family members. In Childs v. Julian, 241 Ala. 249, 2 So.2d 453 (1941), this court approved the policy that “family agreements by parties who are sui juris, not affected with deception or fraud, with a full understanding of the facts dealing with the common properties, are favored.” Accord, Ingalls Iron Works Co. v. Ingalls, 177 F.Supp. 151 (N.D.Ala.1959), aff’d, 280 F.2d 423 (5th Cir. 1960); Western Grain Co. Cases, 264 Ala. 145, 85 So.2d 395 (1955). There is neither allegation nor proof of fraud here. Further, any harm suffered by plaintiff can be adequately compensated through an award of damages, when sought by complaint and sustained by proof.
Even if we were to agree that cancellation is appropriate here, plaintiff would be entitled only to cancellation of his lease to his brother Paul and the eight sisters. This, in turn, would affect only plaintiff’s V12 interest subleased to the corporation. Plaintiff would not be entitled to cancellation of the other leases to which he was not a party. Thus, the lower court’s judgment is clearly erroneous to this extent.
Tenants in common hold separate and distinct titles and may lease or convey their separate interests. Relief by cancellation in a suit by one tenant in common involving leases made by several cotenants will be limited to the plaintiff’s interest alone. See Glass v. Cook, 257 Ala. 141, 57 So.2d 505 (1952).
*1151 For the reasons we have given, we hold that the trial court erred in cancelling the four leases. Thus, this cause is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.