OPINION OF THE COURT
Lawrence Newmark, J.
The plaintiff purchased a refrigerator from the defendant for use in his home. The refrigerator malfunctioned during the warranty period and the defendant agreed to make repairs. However, the defendant refused to compensate the plaintiff for the food that was spoiled since the contract excluded liability for consequential damages. Thus, the question presented is whether the exclusion is effective on a consumer contract.
Subdivision (3) of section 2-719 of the Uniform Commercial Code permits the limitation or exclusion of liability for consequential damages unless the provision is unconscionable. Further, the statute states that such a limitation is prima facie unconscionable in a consumer contract if it applies to personal injury. Hence, this court must determine if the exclusion of liability for damages to property is unconscionable.
Section 2-302 of the Uniform Commercial Code empowers the court to refuse to enforce a contractual provision it finds unconscionable. This power may be used to prevent enforcement of onerous contractual terms which resulted from the significant disparity in the bargaining power of the parties (Matter of State of New York v Avco Fin. Serv. of N. Y., 50 NY2d 383; Rowe v Great Atlantic & Pacific Tea Co., 46 NY2d 62). Where one party lacks a meaningful *684 choice and the other party is able thereby to obtain unreasonably favorable terms, the court may find the contract or its unreasonable terms unconscionable (Rodriguez v Nachamie, 57 AD2d 920). These principles have been applied to void a contractual provision iií a consumer contract with an automobile retailer (Jefferson Credit Corp. v Marcano, 60 Misc 2d 138). There, the court found that owing to the inferior bargaining position of the consumer and his lack of understanding of the terms, the waiver of the warranty of merchantability was unconscionable and unenforceable.
Here, the plaintiff was obviously at a substantially poorer bargaining position than the corporate defendant. Further, the defendant should have been aware that the plaintiff did not understand the significance of the provision. Under these circumstances, the court finds the provision unconscionable and grants judgment to the plaintiff in the sum of $242.80 plus interest from December 1, 1980 and the costs of the action.