■ CARNEGIE HALL CORPORATION et al., Respondents, v CITY UNIVERSITY OF NEW YORK, Appellant. [729 NYS2d 93] —Judgment of the Court of Claims (Alan Marin, J.), entered on or about April 10, 2000, which awarded plaintiffs the sum of $41,987.52, inclusive of interest and costs, bringing up for review the order of the same court and Judge, entered on or about March 29, 2000, which granted summary judgment to plaintiffs, unanimously reversed, on the law, without costs and, upon a search of the record, the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant City University of New York (CUNY) entered into a license agreement with plaintiff Carnegie Hall Corporation to use plaintiff's facilities on June 2, 1994 to hold the graduation ceremony for New York City Technical College. The license agreement contains a provision requiring CUNY to procure general comprehensive liability insurance covering "any and all claims arising during the term of the engagement" and naming plaintiff as an insured. Defendant concedes that it failed to purchase the required insurance coverage.

While attending the graduation exercises, Doreen Humphries fell on a staircase inside Carnegie Hall. She brought an action against plaintiff alleging that it was "negligent in failing to keep the said staircase area in a reasonably safe condition." Plaintiff Gulf Insurance Group, which provided Carnegie Hall with a defense, ultimately paid Humphries a monetary settlement of $36,000 and incurred an additional $13,531 in defense costs.

Plaintiffs commenced the instant action to recover the cost of defending and settling the action. The complaint recites the facts and avers: "That by virtue of the premises aforesaid, the claimants were caused to sustain defense and claim handling expenses of * * * $49,351.00 together with interest costs and

disbursements." The second cause of action asserts that "the State of New York is contractually bound to defend, indemnify and hold harmless, the plaintiff CARNEGIE HALL CORP."

Plaintiffs moved for summary judgment in reliance on the Court of Appeals' decision in *Kinney v Lisk Co.* (76 NY2d 215), asserting that "the party breaching its obligation to procure insurance is liable to the party for whom insurance was to have been procured for the resulting damages, including the cost of both indemnity and defense." As the Court of Claims noted, defendant's opposition to the motion was limited to the assertion that the underlying injury "did not arise out of the agreement * * * or the activities contemplated thereby." The award of summary judgment was predicated on the court's finding that the "accident of a guest attending the graduation ceremony is in fact a claim arising from the conduct of CUNY's activities as contemplated by the Agreement." The Court of Claims therefore found it unnecessary to reach the issue of whether the agreement's indemnification provision required CUNY to reimburse plaintiffs for the cost of the Humphries action.

Notwithstanding any deficiencies in defendant's answer or its opposition to plaintiffs' application for summary judgment, a legal basis for relief must be established before damages can be awarded. A court entertaining a motion for summary judgment may search the record and, if appropriate, grant summary judgment to the nonmoving party on any related claim, and this prerogative may be exercised even on appeal (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-112 [summary judgment properly granted to nonappealing parties]; *A.C. Transportation v Board of Educ.*, 253 AD2d 330, 338, *lv denied* 93 NY2d 808). As Professor Siegel has noted in this connection, "The theory is that a bad answer is good enough for a bad complaint" (Siegel, NY Prac § 282, at 412 [2d ed]). In this case, the issue presented concerns the interpretation of a contract and is one of law, not fact, which may be raised for the first time on appeal, even before the Court of Appeals (*see, Telaro v Telaro*, 25 NY2d 433, 439; *see also, Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 250; *Matter of Travelers Indem. Co. [Levy]*, 195 AD2d 35, 41-42).

Neither in the complaint, nor in the moving papers, nor on appeal do plaintiffs articulate any basis for recovery against CUNY. Plaintiff Carnegie Hall, which was indemnified by plaintiff Gulf Insurance Group, does not claim that it has incurred any loss occasioned by the settlement of the Humphries action. Thus, the insurer is the real party in inter-

est in this matter. As conceded in plaintiffs' reply affirmation, "insuring a party for its negligence is the very thing that an insurance company does," and providing its insured with a defense and payment of settlement costs is an ordinary expense associated with this activity.

The insurer fails to state any ground that would entitle it to recover settlement and defense costs from the State. The insurer is not a party to the license agreement; nor does it profess to be a third-party beneficiary of the contract between Carnegie Hall and CUNY. Therefore, any basis for recovery is predicated on its status as the subrogee of its insured. It is now settled, however, that recovery for breach of a contract requiring the purchase of insurance is limited to the cost of procuring substitute coverage, irrespective of whether the contract specifically affords the option to obtain substitute coverage (*Inchaustegui v 666 5th Ave. Ltd. Partnership*, 268 AD2d 121, 124, *affd* 96 NY2d 111). As the Court of Appeals noted in its affirmance (*supra* at 115), this issue "was not raised by the parties or considered by the Court" in deciding *Kinney v Lisk Co.* (*supra*), and plaintiffs' reliance on that decision to support recovery is clearly misplaced.

Plaintiff Carnegie Hall does not maintain that it lacked notice of CUNY's omission to secure liability coverage (*cf., Marconi Wireless Tel. Co. v Universal Transp. Co.*, 194 App Div 272, 273, *affd* 233 NY 581). Specifically, it does not suggest that it received the notice, required to be given by CUNY at least 30 days in advance, that an appropriate insurance policy had been obtained. However, Carnegie Hall did not actually secure substitute coverage for the activities conducted by CUNY on its premises; rather, it relied upon the existing liability insurance provided by plaintiff Gulf Insurance Group.

As the Court of Appeals stated in affirming this Court's decision in *Inchaustegui* (*supra* at 114), where an owner of premises requires insurance to be provided in connection with the use of its premises, "recovery should be limited to out-of-pocket damages caused by the tenant's breach." In *Inchaustegui*, the owner "obtained its own insurance and therefore sustained no loss beyond its out-of-pocket costs (*see, Marconi Wireless Tel. Co. v Universal Transp. Co., supra*, at 273; *Rodriguez v Nachamie*, 57 AD2d 920). Accordingly, it may not now look to the tenant for the full amount of the settlement and defense costs in the underlying tort claim." (*Supra* at 114-115.) The record in the matter at bar, however, does not establish that Carnegie Hall incurred any out-of-pocket expenses in connection with the settlement of the Humphries action. Therefore,

no ground is stated upon which relief may be granted, and defendant is entitled to summary judgment dismissing the complaint. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Friedman, JJ.