FJ Vulis, LLC v Val (2018 NY Slip Op 07835)





FJ Vulis, LLC v Val


2018 NY Slip Op 07835


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7635 151588/14

[*1]FJ Vulis, LLC, Plaintiff-Appellant,
v
Anna Val, et al., Defendants-Respondents.


The Law Office of Alexander Paykin, P.C., New York (Alexander A. Paykin of counsel), for appellant.
Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hager, J.), entered December 21, 2017, which, to the extent appealed from, denied plaintiff's motion for summary judgment on the complaint and granted defendants' cross motion for summary judgment dismissing the fraud and breach of fiduciary duty causes of action, unanimously affirmed, with costs.
Plaintiff's contention that defendants' untimely cross motion for summary judgment precluded them from seeking any relief is without merit (see CPLR 3212[b]; see also e.g. Carnegie Hall Corp. v City Univ. of N.Y., 286 AD2d 214, 215 [1st Dept 2001]). Plaintiff's argument that the doctrine of law of the case prevents this Court from finding that the fraud claim is duplicative of the contract claim is also without merit (People v Evans, 94 NY2d 499, 503 n 3 [2000]).
The contract claim alleges that defendants agreed to refund 50% of a commission that defendant Anna Val (Ms. Val) earned as a real estate broker. The fraud claim alleges that defendants misrepresented that they would refund 50% of the commission, and that this was a misrepresentation because defendants "had no intention[] of paying the agreed-upon refund." The fraud claim does not allege that defendants breached any duty to plaintiff other than the contractual duty but merely restates the contract claim in terms of fraud and misrepresentation. It is therefore duplicative of the contract claim (see e.g. Gordon v Dino De Laurentiis Corp., 141 AD2d 435, 436 [1st Dept 1988]; Tesoro Petroleum Corp. v Holborn Oil Co., 108 AD2d 607 [1st Dept 1985], appeal dismissed 65 NY2d 637 [1985]). Moreover, the fraud claim seeks the same damages ($42,500) as the contract claim (see e.g. Tesoro, 108 AD2d at 607).
Plaintiff — the buyer of a condominium unit — claims Ms. Val breached her fiduciary duty to it as its attorney by also acting as the seller's real estate broker. However, the evidence in the record shows that Ms. Val acted as plaintiff's, not the seller's, broker. Even if, arguendo, there were a triable issue of fact as to whether Ms. Val was the seller's broker, plaintiff failed to show that this conflict of interest caused it either $42,500 or $85,000 in damages (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10-11 [1st Dept 2008]; Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271-272 [1st Dept 2004]).
In light of the above disposition, we need not reach plaintiff's arguments about the faithless servant doctrine.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK